COMMONWEALTH *vs.* GEORGE T. SMITH & others.

Middlesex.　March 31, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Indictment — Variance — Arson — Burning of Building — Evidence.*

An indictment alleged that the defendant on a certain day at W. "a certain building, to wit, a house of one J. R. C., there situate, feloniously, wilfully, and maliciously did set fire to and burn." *Held,* that the crime of arson under the Pub. Sts. c. 203, § 1, was not charged, but that of burning a building under § 4.

At the trial of the indictment, the owner of the building, which was let to the defendant, who had moved his household goods into it, was permitted to testify that the house was formerly occupied as a dwelling-house and was adapted to be so occupied. *Held,* that the evidence was properly admitted.

A policy of insurance was issued by a foreign insurance company upon the goods of the defendant in the building burned, and was not produced by him at the trial after a demand. A book into which the written portion of the policy had been copied was offered in evidence, supplemented by the oral testimony of the company's agent that this copy, together with the printed part known as the standard policy of this Commonwealth, constituted, with certain exceptions, a true copy of the policy. *Held,* that this secondary evidence was admissible, although the insurance company had an office copy of the policy at its home office outside the State.

After evidence of a conspiracy between the defendant and another, who was a fugitive from justice, and the fugitive's brother, to burn the building for the purpose ·of obtaining the insurance upon the goods, conversations between the fugitive and his brother, not in the defendant's presence, as to the disposition of the property, connected with acts done to shield the conspirators from the consequences of their crime, were admitted in evidence upon another count of the indictment, upon which the defendant was acquitted, charging the fugitive as principal and the defendant as accessory to the burning. *Held,* that the defendant had no ground of exception.

INDICTMENT, in five counts, against George T. Smith, Samuel P. Smith, and Arthur B. Kendall. The first count alleged that the defendants, on November 9, 1888, at Woburn, with force and arms, " a certain building, to wit, a house of one John R. Carter, there situate, feloniously, wilfully, and maliciously did set fire to and burn, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided." The fourth count charged Kendall as principal with setting fire to the same house on the same day, and the Smiths with being accessories to the burning. Trial

in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows.

The defendant Kendall was a fugitive from justice, and the defendants Smith severally pleaded not guilty, and were tried together. The defendants asked the judge to rule that the averments of the first count constituted, under the Pub. Sts. c. 203, § 1, the crime of arson; but the judge refused so to rule, and ruled that such averments set out the offence of burning a building under § 4 of that chapter; and the defendants excepted.

The government was permitted to offer in evidence, against the defendants' objection, the testimony of John R. Carter, the owner of the house set forth in the indictment as burned, that it had formerly been occupied by him as a dwelling-house; that he had rented it to George T. Smith, and that the defendants had moved their household goods into the house, which was not otherwise occupied. Carter described the house as a two-story frame house, situated in Woburn, on the westerly side of Main Street, with a story and a half L, containing a dining-room in the main part of the house, a parlor, a sitting-room, a pantry, and three chambers.

Evidence was admitted that George T. Smith procured a policy of insurance from an insurance company, known as the State of Pennsylvania Insurance Company, for Arthur B. Kendall, on certain property claimed by him to have been located in the building alleged to have been burned; that the policy was delivered to George T. Smith; that the insurance company possessed an office copy of this policy at the home office in Philadelphia; that the policy was not produced at the trial, but a demand was made at the trial upon George T. Smith for the original, and Smith failed to produce the same, and the policy was not found among the effects of Kendall. The government was allowed to put in evidence a book, alleged to contain the written portion of the policy, with the testimony of the agent of the company, that, with the printed part known as the standard policy of this Commonwealth, excepting certain signatures and a rider which he described as the lightning clause, the same constituted a true copy of the policy. The judge admitted the evidence, and the defendants excepted.

There was evidence tending to show a conspiracy between

the Smiths and Arthur B. Kendall and his brother Charles R. Kendall to burn the building for the purpose of obtaining the insurance upon the goods therein, and the acts and declarations of Arthur B. Kendall before the fire, and in furtherance of the conspiracy, were admitted in evidence.   There was also evidence that the Kendalls and George T. Smith before the fire had stored two trunks and a case in the house of one Griffin.   The government was permitted to introduce in evidence conversations between the Kendalls, which took place in the absence of the other defendants, respecting the course Arthur B. Kendall should take in regard to certain evidence developed at the fire inquest at Woburn, in the course of which Arthur B. Kendall said he wished to remove the trunks and case from Griffin's house to some other place, and Charles R. Kendall then informed him that they could be taken to the house of a Mrs. Morrill in West Newton.   Evidence was then offered on behalf of the government, that George T. Smith and Arthur B. Kendall removed the trunks and the case from Griffin's house, on January 17, 1889, to that of Mrs. Morrill; that, on January 25 following, George T. Smith went to the house of Mrs. Morrill and examined the trunks; and that she afterwards found in the stove situated in the room where the examination was made what looked like the ashes of burned paper.   To the admission of the above conversations in evidence, the defendants excepted.

The jury were instructed, that Arthur B. Kendall was not on trial, and that evidence of his acts and declarations after the fire could be considered only for the purpose of determining whether or not he was the principal named in the fourth count of the indictment; if that finding was in the affirmative, they must then determine from the other evidence in the case whether one or both of the defendants then being tried were accessories to the act alleged to have been committed by Kendall in the fourth count.

The jury returned a verdict of guilty against George T. Smith upon the first count, and of not guilty upon the fourth count of the indictment, and acquitted Samuel P. Smith; and the defendant George T. Smith alleged exceptions.

*E. Avery*, (*M. T. Allen* with him,) for George T. Smith.

*A. J. Waterman*, Attorney General, for the Commonwealth.

DEVENS, J.   The first count of the indictment upon which the defendant George T. Smith was convicted alleged that he with others, on November 9, 1888, with force and arms, at Woburn, in said county of Middlesex, " a certain building, to wit, a house of one John R. Carter, there situate, feloniously, wilfully, and maliciously did set fire to and burn, against the peace of said Commonwealth," etc.   The defendants requested a ruling that this averment set out, under § 1 of the Pub. Sts. c. 203, the crime of arson.   This was refused by the presiding judge, who ruled that said averment charged the offence of burning a building under § 4 of that chapter.   To the refusal of his request, and to the ruling as given, the defendants excepted.

While in an indictment at common law for arson there was no occasion to describe the building upon which it was committed as a " dwelling-house," and the term " house " would suffice, yet when the crime of arson was made a statutory offence in this Commonwealth, which could be committed only on a dwelling-house, it became necessary thus to allege and prove it.   *Commonwealth* v. *Barney*, 10 Cush. 478.   While the Pub. Sts. c. 203, § 1, provide for the offence of burning a dwelling-house, § 4 provides for those of burning " a banking-house, warehouse, store, manufactory, mill, barn, stable, shop, office, outhouse, or other building whatsoever of another, other than is mentioned in section two."   These statutory offences under § 1 and § 4 are so far distinct, that under an indictment charging the burning of a dwelling-house, where it appeared that the building burned had never been occupied as a dwelling, it was held that there could be no conviction of burning a building other than a dwelling-house, and that the statutory offence of burning a dwelling-house did not include, within itself, the offence of burning a building which was not a dwelling-house. The description of what was burned was essential to fix the identity of the offence.   *Commonwealth* v. *Hayden*, 150 Mass. 332.   The statutory crime of arson could therefore be charged only by alleging the building burned to have been a dwelling-house.   It would not, however, follow that, under the general words added to the buildings enumerated in § 4, " or other buildings whatsoever," an indictment might not be sustained which charged the burning of a building described as " a house,"

even if it were proved at the trial to have been " a dwelling-house " which was burned.  In such case, everything necessary to constitute .the statutory offence charged would have been alleged.  It is no defence to an indictment, that the facts in proof show that the defendant committed an offence of a higher degree than that charged.  *Commonwealth* v. *M'Pike*, 3 Cush. 181.  *Commonwealth* v. *Walker*, 108 Mass. 309.

The evidence of Carter as to the character of the building burned was admissible, even if it also showed the house to be a dwelling-house, or adapted to be used as such.

The defendant George T. Smith further contends that the admission of the book containing the written portion of the policy of insurance issued to Arthur B. Kendall, supplemented by the oral testimony of the agent of the insurance company, that, with the printed part known as the standard policy of this Commonwealth with certain exceptions ·mentioned, the same constituted a true copy of the policy, was erroneous.  A demand had been made upon the defendant George T. Smith for the policy, and it had not been found among the effects of Arthur B. Kendall, who was a fugitive from justice, and there was evidence that George T. Smith had procured it in Philadelphia for Arthur B. Kendall on property alleged to be in the building burned, and that it was delivered to said Smith.  The contention of this defendant is, that, if secondary evidence was admissible, the office copy of the policy, which it was shown was in the home office of the insurance company in Philadelphia, should have been first produced.  To this there are two sufficient answers.  Our process does not run into Pennsylvania, so that the government had no means whatever of compelling its production.  Again, if it could have been obtained, there are no degrees in secondary evidence, so that a party authorized to resort to it is compelled to produce one class of such evidence rather than another.  *Smith* v. *Brown*, *ante*, 338.

The evidence of the conversation of Arthur B. Kendall after the fire, although not in the presence of the Smiths, was admissible.  There was evidence tending to show a conspiracy between the Kendalls and the Smiths to burn the house, for the purpose of obtaining insurance upon property claimed to be therein.  The conversation related to the course to be pursued

by Arthur B. Kendall in consequence of certain evidence developed at the fire inquest, and in this he expressed a wish to remove the goods from the house of Griffin, where they had been previously stored by Charles R. Kendall and the defendant George T. Smith, and was informed by Charles R. Kendall of Mrs. Morrill's place. In connection with this, testimony was offered by the government that certain trunks and a case were afterwards removed by Arthur B. Kendall and George T. Smith to the house of Mrs. Morrill, and that they were there examined by Smith ; and that afterwards the remains of burnt paper were found. The evidence is so briefly reported that the precise bearing of these facts does not clearly appear, but they evidently might be of importance in ascertaining the guilt or otherwise of the defendant George T. Smith. That, where there is evidence of a conspiracy, the acts and declarations of each conspirator in pursuance of its objects and in furtherance of the common design are admissible against all, is well settled. *Commonwealth* v. *Waterman,* 122 Mass. 43. The evidence of Arthur B. Kendall's conversation could not be given in evidence without necessarily including that of his brother, and was connected with acts done immediately thereafter by himself and the defendant George T. Smith in reference to the disposition of the trunks, etc. Even if those declarations or conversations were subsequent to the burning, they were still made during the pendency of the criminal enterprise. They were not recitals of past occurrences, but were connected with acts done evidently to shield the conspirators from the consequences of their crime.

If there could be any doubt, however, as to any injury done to the defendant George T. Smith by the admission of the acts and declarations of Arthur B. Kendall after the fire, it would be removed by the very limited view in which they were received by the court, and by the finding of the jury upon the fourth count. Arthur B. Kendall was charged as principal in that count of the indictment, and in the same count Smith was charged as accessory. It was only for the purpose of proving that Arthur B. Kendall was the principal, as charged in that count, that evidence of his acts and declarations subsequent to the fire was admitted, and the jury were instructed to consider them only for that purpose. Whether this was not more favorable to the defendant

George T. Smith than he had a right to ask, it is not necessary now to inquire. There is no reason to suppose that more weight was attributed to these acts and declarations than the instruction of the court permitted. Even if the instruction was less favorable than George T. Smith might have asked, as upon the fourth count he was acquitted, he has no ground of complaint.

*Exceptions overruled.*