## STATE v. PERRY.

1. ARSON—PLEADINGS.—INDICTMENT for arson may be prosecuted against one who has burned a barn, alleging it to be the property of a purchaser of a tract of land, who has received only bond for title, but who has been put in possession of the land by the vendor and of the barn by him who had rented it for the year.

2. EVIDENCE—APPEAL.—Erroneous admission of evidence not affecting appellant is not reversible error as to him.

3. IBID.—CONFESSION by a boy twelve years of age, after saying to one he would tell about it if he could go off with two men; to another, if you will take me away from the police I will tell you; to another, if I tell you, will you help me, upon promise that if what he told proved to be true, the party would see the Solicitor and see what he could do for him, all the while under arrest, but no threats made, held property admitted.

MR. JUSTICE WOODS *thinks the last confession having been made on advice that he had better tell, it should have been excluded.*

Before PURDY, J., Orangeburg, November Term, 1905. Affirmed.

Indictment against Wm. Perry for arson. From sentence on verdict, defendant appeals.

*Mr. Jacob Moorer,* for appellant, cites: *Confession not free and voluntary:* 27 S. C., 22; 1 Green. on Ev., 5 ed., 281; 5 Cush., 605; 73 Mo., 705; 72 Ala., 244; 11 Tex. App., 356.

*Solicitor P. T. Hilderbrand,* contra, cites: *Objection must be made to evidence when offered:* 3 S. C., 512; 21 S. C., 323; 13 S. C., 457; 43 S. C., 99; 30 S. C., 167; 66 S. C., 68; 59 S. C., 243; 53 S. C., 80; 60 S. C., 13; 67 S. C., 175, 430; 51 S. C., 480; 68 S. C., 423. *As to confessions:* 9 Rich., 428; 15 S. C., 540; 16 S. C., 453; 35 S. C., 205; 49 S. C., 413.

July 17, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant William Perry was convicted at the January Term, 1906, of the Court of

General Sessions for the county of Orangeburg, of the crime of arson. The trial was by Judge Purdy and a jury, who found him guilty, and after being duly sentenced, an appeal was taken.

It seems that a thrifty farmer, one Willis Fulmer, purchased a tract of land containing about 189 acres, in said county, but not having paid the purchase price in full, he received only a bond for title in the early part of the year 1905. The land was at that time occupied by one Jacob Perry, the father of William Perry, for the year 1905, but with the full consent of the said Jacob Perry the said Willis Fulmer was put in possession of the barn, located about 150 feet from the dwelling house·on said premises, which was occupied by the said Jacob Perry. The said Jacob Perry removed all his fodder and other property from said barn and with his .consent the said Willis Fulmer placed 150 bushels of corn, about 3,000 pounds of pea-vine hay and other feed in said barn, locking the same and taking the key. During the night of the 25th of November, 1905, the said barn and its contents were consumed by fire applied thereto by William Perry, son of said Jacob Perry, being about twelve years of age. The said William Perry was not living with his father at that time, but was living with one William Martin, in the small town of Salleys, a few miles distant from the house that was burned. That night, while the fire was burning, the defendant William Perry was seen running from the burning building by one Joe Barrs, from whom the said William Perry ran and refused to stop on his call to do so. On the 26th, the said William Perry was arrested, and when confronted by Joe Barrs, admitted that he did meet the said Barrs that night and ran from him, and that he set fire to the building which was consumed.

The said William Perry made a confession that he burned the house, and claimed that he was employed to do so by one Henry Williamson, with full knowledge of his father and mother, and those persons, Henry Williamson, Mary Perry

and Jacob Perry, were named in the indictment for this arson. Henry Williamson, however, was never put upon trial. Jacob Perry was acquitted, and the said Mary Perry, although convicted at the same time William Perry was, was granted a new trial by Judge Purdy.

During the trial of William Perry, a motion was made by his attorney to direct a verdict of not guilty on the ground that there was no proof of the title of Willis Fulmer to the premises burned. This motion was refused by the Circuit Judge.

There was also a motion at the trial that Laura Fulmer's testimony relating to roots should be excluded. This was refused by the Circuit Judge.

Objection was also made, during the trial, to the testimony of A. M. Black, J. H. Fanning, M. R. Boyleston and G. W. Brodie, so far as the same relates to any confession made by the defendant, and also that there was irrelevant testimony admitted. All of these objections were overruled.

The defendant now appeals upon the following five grounds:

"1. Because his Honor erred in overruling defendant's motion, 'That his Honor direct a verdict of "not guilty," on the ground that it takes the title to the property or the possession to sustain the charge of arson, and that no title has been introduced nor has the possession been proved.'

"2. Because his Honor erred in admitting so much of Laura Fulmer's testimony as relates to roots, over defendant's objections.

"4. Because his Honor erred in overruling defendant's objection to, and in admitting the testimony of A. M. Black, J. H. Fanning, Charles Fanning, M. R. Boyleston and G. W. Brodie, so far as the same relate to any confession made by the defendant.

"5. Because his Honor erred in admitting irrelevant testimony, over defendant's objection.

"3. Because his Honor erred in overruling defendant's objection to, and in admitting the testimony of, Francis Tyler."

We will now examine these grounds of appeal in their order.

1. This ground cannot be sustained, because Jacob Perry, who it was admitted had the tract of land rented during the year 1905, had consented that Willis Fulmer should occupy with his property the barn which was destroyed by fire on the 25th of November, 1905. The said Willis Fulmer having the same under lock and key at that time. As is said in vol. 2 of American and English Ency. of Law, page 935: "At common law, to constitute arson, the house burned must be the house of another * * * arson at common law being an offense against the house as an habitation and not as property; the house of another is the house of the occupant and not the owner of the fee." Willis Fulmer, the prosecutor here, was the occupant of this barn and had his property therein stored under lock and key, in his possession, under the consent of Jacob Perry, who had the same rented at the time of the fire. Besides, although Willis Fulmer had not received the title to the lands upon which the dwelling house and barn were located, yet he had a bond for title from the owner of the fee and was put in possession of said barn, which of itself completed the requirements of law as to this charge of arson. This exception is, therefore, overruled.

2. The testimony of Laura Fulmer, relating to the confession of the defendant, Mary Perry, can have no effect, because the witness did not speak of the appellant, William Perry, and so far as roots are concerned, there was nothing said by her as appears in the record. This exception is, therefore, overruled.

3. Francis Tyler, in her testimony, refers to the allegation relating to roots deposited by Mary Perry under said steps of Henry Williamson's residence. The admission of this

testimony was an error, but a harmless one, relating as it does to a superstition entertained by some ignorant persons. It had no effect, at any rate, on the defendant, William Perry. This exception is overruled.

4. The testimony of A. M. Black was expressly stricken from the record, as it appears by the record, and the jury was instructed that it should not be considered, by them, in disposing of this case.

The testimony of Charles Fanning states that he doesn't know that any threats were made before or at confession. He merely says that the prisoner said that if he could go off with two men, he would tell about it. Mr. Black and Dr. Salley came up, and he said that he burned the barn. There is nothing objectionable here.

So far as the testimony of M. R. Boyleston is concerned, it is merely that the defendant said to him: "If you will take me away from the police, I will tell you." He was taken from the crowd, he was perfectly free, and there were no threats at all. He admitted that he burned the barn. The appellant, two weeks before the burning, said he was going to have his daddy and mammy where they couldn't worry him, so he could stay with whom he pleased.

So far as witness John H. Fanning is concerned, he said he knew William Perry and William Perry knew him, and sent for him to come to the office. He went there, and William Perry said to him that he wanted to talk with him privately. He took him behind the office and said to him: "If I tell you all about the burning, will you help me?" Fanning told him that if he told him, and it proved to be the truth, he would see the solicitor and see what he could do for him. He then made his confession.

There is no objection to G. W. Brodie's testimony. He seems to have been trying to act the kindly part to the defendant, William Perry. He hunted testimony in his behalf, and he certainly made no use of violence to obtain the

confession testified to by him, it having been made in his presence.

It is now well settled in this State that the Circuit Judge shall pass upon the admission of confessions made by a prisoner, and he must determine whether the same are made freely and voluntarily. The Circuit Judge has determined the admissibility of this testimony, and we see no grounds of objection to this exercise by him of his legitimate duty. This exception is overruled.

5. This objection is too general to admit of our consideration of this exception, but in view of the youth of this defendant, we have examined the whole case and we find that there is no ground for this exception. It is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.

MR. JUSTICE GARY *concurs in the result.*

MR. JUSTICE WOODS. The witness Boyleston testified the defendant confessed to him under arrest, after he said to him, "he had better tell it." The confession was made to the witness Fanning on this inducement: "I told him if he told me and it proved to be the truth, I would see the solicitor and see what I could do for him." The defendant was a small negro boy, and to him the inducement to confess, coming from the sources it did, must have been great. I am not willing, therefore, to assent to the proposition that on principle the evidence was unobjectionable. Its admission, however, was largely in the discretion of the Circuit Judge, and there was no abuse of discretion warranting a new trial, because the defendant made a voluntary and full confession to a number of other persons, so that the exclusion of the objectionable evidence of confession could not possibly have affected the result.