STATE OF MAINE *vs.* ALICE CROUSE.

Knox. Opinion September 19, 1918.

*Indictments. Necessary allegations in an indictment for arson. General rule as to the certainty and precision required in indictments. Rule as to setting out the crime in a statutory indictment. Rule where under the statute a mere general or generic term is used.*

A charge in an indictment may be made in the words of the statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offense consists is fully, directly and expressly alleged, without any uncertainty or ambiguity.

An indictment under Sec. 3, Chap. 121 of the Revised Statutes for burning a "building" should, to fix the identity of the offense, describe what was burned.

Indictment for arson brought under R. S., Chap. 121. After verdict of guilty, and before sentence, respondent filed a motion in arrest of judgment, setting forth that the indictment did not name or describe the kind or location of the building alleged to have been burned and because no judgment could be legally rendered on said indictment. The motion was overruled by the presiding Justice, to which ruling respondent filed exceptions. Exceptions sustained. Judgment arrested.

Case stated in opinion.

*Henry L. Withee,* County Attorney, for State.

· *Philip Howard,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ.

DUNN, J. Arson and kindred crimes are defined by Secs. 1, 2, and 3 of Chap. 121 of the R. S., the section last mentioned reading: "Whoever wilfully and maliciously burns any building of another not mentioned in the preceding section, . . . . shall be punished by imprisonment for not less than one, nor more than ten years."

Having been convicted upon an indictment, containing a single count, wherein it is charged, "that Alice Crouse, of Rockland, in the

County of Knox, aforesaid, on the first day of April, A. D. 1918, at Rockland, feloniously, wilfully, and maliciously did burn a certain building the property of Lucy Farnsworth, said building being then there situate on Pleasant Street, in said Rockland," with conclusion in usual form, the defendant moves in arrest of judgment, for the assigned reasons, that the indictment does not name or describe the kind or nature of the building alleged to have been burned, and because no judgment can be lawfully rendered on said record.

The memorable and time-honored declaration, that, in all criminal proceedings, the accused shall have a right to demand the nature and cause of the accusation (Con. of Maine, Art. 1, Sec. 6), entitles him to insist that the facts alleged to constitute a crime shall be stated in the indictment with that certainty and precision of designation requisite to enable him to meet the exact charge, and to plead the judgment, either of acquittal or conviction, which may be rendered upon it, in bar of a later prosecution for the same offense. *State* v. *Moran*, 40 Maine, 129; *State* v. *Learned*, 47 Maine, 426; *State* v. *Mace*, 76 Maine, 64; *State* v. *Doran*, 99 Maine, 391. He is of right entitled in the beginning to know, and in after time to point out, if he shall so desire, without going beyond the written record, the distinct crimination. The description of the offense must be certain, positive, and complete.

Speaking broadly, an indictment for a statutory crime is sufficient where it charges in the words of the statute. But this applies only in cases where in the statute itself there is a sufficient description of the offense intended to be created by the legislature. With admirable accuracy it is stated in *Commonwealth* v. *Welsh*, 7 Gray, 324: "A charge in an indictment may be made in the words of the statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offense consists is fully, directly and expressly alleged, without any uncertainty or ambiguity." Mr. Bishop, in his work on Criminal Procedure, Vol. 1, Sec. 98, says: "Under every sort of constitution known among us an indictment which does not substantially set down, at least in general terms, all the elements of the offense,—everything which the law has made essential to the punishment it imposes,—is void; and, besides this, under most of our constitutions the allegation must descend far enough into the particulars and be sufficiently certain in its form of words to give the defendant reasonable notice of what is meant."

"Where," as this court said in *State* v. *Doran*, 99 Maine, 329, "a mere general or generic term is used, or the statute does not sufficiently set forth the crime, the use of the statutory language is not sufficient." The rule is, that, in some instances, in addition to the statutory words of general description, it is necessary to set forth such further statement of facts and circumstances as may be essential to identify the particular doing. There must be such a description of the crime, that the defendant may know just what it is he is called upon to answer; that the jury may be warranted in its finding, and the court, looking at the record after conviction, may impose the punishment which the law prescribes.

Does the indictment in this case meet the requirements that it must, either in the language of the statute or other apt words, so identify the offense as to comply with the Declaration of Rights in the Constitution? It is our opinion that the indictment does not sufficiently inform the accused of the nature and cause of the accusation against her, and that there is legal ground for an arrest of judgment. The word "building" is not the distinctive name of a particular structure. It is a comprehensive term. It comprises any edifice erected by the hand of man of natural materials, as wood or stone, brick or marble. As commonly understood, a building is a house for residence, business, or public use, or for shelter of animals or storage of goods. A structure of considerable size intended to be permanent or at least to endure for a considerable time. 9 Corpus Juris. 683; Bouvier Law Dict. Any permanent building or edifice, usually occupied by any person by lodging therein at night, is a dwelling-house, R. S., Chap. 121, Sec. 8. A building may constitute an entire block, consisting of separate and independent tenements, one of which may be occupied for a dwelling house and another for a store. *State* v. *Spencer*, 38 Maine, 32. The gravamen of the indictment is, that the respondent feloniously, wilfully and maliciously did burn a building, situate on Pleasant Street in Rockland, and owned by Lucy Farnsworth. The accused well may be in doubt, from a reading of the indictment, as to the precise act against which she is called to defend herself; whether, ineffectively, for arson as that crime is defined in section one; or for having set fire, feloniously, wilfully and maliciously, to any of the buildings told of one after another in the next succeeding section of the chapter, or for likewise burning "any building of another not mentioned in the preceding section." If, as

the case is argued, it was the intention to indict the respondent for a violation of the third section of the chapter, then, having reference to the manner in which the crime is defined in and by the statute, a more particular statement of facts than there is contained becomes necessary to bring the defendant precisely within the inhibition of the law. All substantive allegations should be specifically and definitively set out. A description of what was burned is essential to fix the identity of the offense. *Com.* v. *Smith,* 151 Mass., 491.

*Exceptions sustained.*
*Judgment arrested.*