## STATE *vs.* DANIEL MESERVIE.

## Waldo.   Opinion Ocotber 24, 1922.

*Ordinarily questions of law are not raised upon a motion for a new trial, unless an*
*injustice would otherwise inevitably result.   The definition of "dwelling-house"*
*as given by R. S., Chap. 121, governs in an indictment for arson, and under*
*such definition, a building which is connected with or occupied as a*
*part of a dwelling-house is a part of the dwelling-house, though*
*such connection may be by an intervening structure.*

The practice of raising questions of law upon a motion for new trial is not to be
encouraged, although in cases where manifest error in law has occurred, and
injustice would otherwise inevitably result, the law of the case may be examined
upon a motion and, if required, the verdict may be set aside as against law.

The word "dwelling-house" does not always have the same sense in all cases.   It
may mean one thing under an indictment for burglary or arson, another under
a homestead law, another under pauper law and another under a contract or
devise.   In this State the Legislature, by R. S., Chap. 121, has defined arson
and also defined the word "dwelling-house," as used in that chapter, so that in
this case, an indictment for arson, we must be governed by that definition.
By that definition also a building which is connected with or occupied as part of
a dwelling-house is part of the dwelling-house.   The connection of such building
with the main part of the dwelling-house may be by an intervening structure.

On appeal.   Respondent was indicted for arson under the pro-
visions of Chap. 121 of the R. S., and tried and found guilty,
and presented a motion for a new trial to the presiding Justice, which
was denied, and respondent appealed.   The buildings destroyed by
the fire consisted of the main dwelling-house, ell, woodshed, carriage-
house and barn connected in the order named, forming one continu-
ous set of buildings, with means of access without going out of doors.
The fire, it was alleged, was set to the barn and communicated through
the intervening structures to the main dwelling-house.   The only
real question raised under the motion was that the barn did not
adjoin the dwelling-house and as a consequence the act did not come
within the meaning of the statute.

Appeal dismissed.   Verdict affirmed.   Judgment for the State.

Case is fully stated in the opinion.

*Ralph I. Morse, County Attorney,* for the State.

*Arthur Ritchie,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

PHILBROOK, J.   The respondent was indicted under the provisions of R. S., Chap. 121, Sec. 1, which provides for punishment of any one who "wilfully and maliciously sets fire to, or causes fire to be set to the dwelling house of another . . . . or to any building adjoining thereto . . . . with intent to burn such dwelling house." The indictment charges that the respondent "a certain barn of the property of one Frank C. Meservie, there situate, and adjoining to the dwelling house of him, the said Frank C. Meservie also there situate, feloniously, wilfully and maliciously did set fire to, with intent then and there to burn said dwelling house; and by the kindling of said fire, and the burning of said barn, the said dwelling house was then and there feloniously, wilfully and maliciously burned and consumed."

Upon his arraignment the respondent pleaded that he was not guilty and upon trial the jury returned a verdict of guilty.  He then presented a motion for a new trial to the presiding Justice, which motion was denied, and an appeal was taken to this court.  His motion is formally based upon the three customary grounds, viz.: (a) that the verdict is against law, (b) against evidence, (c) against the weight of evidence.  His actual ground of motion is that the barn did not adjoin the dwelling-house.  His claim is that originally the house and ell stood alone; that the barn, which was originally northeast of the house, was moved forward in line with the house, though some distance away; that sometime afterward a wagon-house and woodshed was built into the space between the ell and the barn; that no part of the woodshed or carriage-house was occupied as a dwelling.

No exception appears to have been taken to any ruling upon the admission or exclusion of evidence, nor to the instructions contained in the charge of the presiding Justice.  The charge forms no part of the record and we must assume that it contained correct statements of law, including a correct definition of what buildings constitute a dwelling-house, as well as a correct explanation of what is

comprised in the words "adjoining thereto." If any error appeared in any ruling or instruction, or any proper requests for additional or corrective instructions were denied, an avenue would be opened to this court by means of a bill of exceptions.

The practice of raising questions of law upon a motion for new trial is not to be encouraged, although in cases where manifest error in law has occurred, and injustice would otherwise inevitably result, the law of the case may be examined upon a motion and, if required, the verdict may be set aside as against law. *Pierce* v. *Rodliff*, 95 Maine, 346.

An examination of the testimony satisfies us that when the fire was kindled the dwelling-house, ell, woodshed, carriage-house and barn were connected in the order named, forming one continuous set of buildings with passageway from house to barn without going out of doors. The word "dwelling-house" does not always have the same sense in all cases. It may mean one thing under an indictment for burglary or arson, another under a homestead law, another under pauper law, and another under a contract or devise. *Robbins* v. *Railway Co.*, 100 Maine, 496. R. S., Chap. 122, Sec. 8, the chapter under which this indictment is drawn, defines the term in the following words: "Any permanent building or edifice, usually occupied by any person by lodging therein at night, is a dwelling-house, although such occupant is absent for a time, leaving furniture or goods therein, with an intention to return; but no building shall be deemed a dwelling-house, or part of it, unless connected with or occupied as part of the dwelling-house." The words of exclusion necessarily limit the legislative intention by those words but, on the other hand, they may throw much light on that intention as to inclusion. Hence, it naturally follows that a building which is connected with or occupied as part of the dwelling-house comes within the definition of a dwelling-house. The disjunctive "or" should be noted, in the phrase "connected with or occupied as part of the dwelling-house." The woodshed and carriage-house being "occupied as part of the dwelling-house" as shown by a fair interpretation of the record, it follows that the barn, which was connected with the carriage-house, was adjoining the dwelling-house. It is true that in answer to a leading question propounded by his counsel the respondent testified that no part of the woodshed and wagon-house was occupied as a

dwelling-house, yet the question involves a legal deduction and his self-serving answer cannot be binding upon the court when passing upon questions of law.

Moreover, the connection of the barn with the ell, or with the main part of the dwelling-house, may be by an intervening structure. That a storehouse connected with a dwelling-house by a covered but uninclosed gallery is part of the dwelling-house, so as to render one setting fire to it guilty of arson of a dwelling-house, has been held in *Spears* v. *State*, 46 So., 166; 16 L. R. A., (N. S.), 285.

It is the opinion of the court that the respondent takes nothing by his motion and the mandate must be,

> *Appeal dismissed.*
> *Verdict affirmed.*
> *Judgment for the State.*