STATE OF MAINE *vs.* FERNE BECKWITH,

WHOSE FULL, TRUE AND CORRECT NAME IS TO YOUR GRAND JURORS
UNKNOWN.

Penobscot.       Opinion, April 27, 1938.

*John Quinn,* County Attorney for the State.
*Locke, Campbell & Reid,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   At a term of the Superior Court holden at Bangor in the County of Penobscot on the first Tuesday of January, A. D. 1937, the Grand Jury returned an indictment charging the respondent, Ferne Beckwith, with soliciting Margaret Barrett to burn a certain house of one Flora Rowe, the same being situated in Newport, Maine, on State Highway numbered Seven, known as or by the name of "Fernwood Inn" and then and there occupied by the respondent. In four counts of the indictment, the character of the respondent's occupancy of "Fernwood Inn" is alleged generally only, neither its nature nor extent being set forth. In the third count, it is alleged that the respondent occupied the building as a dwelling-house. In no count does it appear by what right or title she had her occupancy.

At the September Term, 1937, the respondent filed a motion to quash the indictment on the ground "that the facts alleged therein are, in each count and in all counts, insufficient to constitute an indictable offense," and upon hearing an attempt was made to report the case to the Law Court for decision. Returned to the Trial Court for insufficiency of the certificate, it now comes forward with the consent of the parties to the report and the stipulation that "if the indictment fails to allege the commission of an offense, a *nolle prosequi* shall be entered; otherwise case to stand for trial below."

As the case develops, the learned and extended argument of counsel for the respondent that the indictment does not sufficiently allege an attempt to commit arson or statutory burning need not

be considered. As the State's attorney admits, the offense charged is solicitation of a felony, an indictable offense at common law regardless of whether the solicitation is of effect or the crime advocated in fact committed. *State* v. *Ames*, 64 Me., 386; *Rex* v. *Higgins*, 2 East, 5; *Commonwealth* v. *Randolph*, 146, Penna. St., 83, 23 A., 388; *State* v. *Avery*, 7 Conn., 266; *State* v. *Donovan*, 28 Del., 40, 90 A., 220; *Commonwealth* v. *Flagg*, 135 Mass., 545; *State* v. *Sullivan*, 110 Mo. App., 75, 87, 84 S. W., 105; *People* v. *Bush*, 4 Hill. (N. Y.), 135; *State* v. *Boyd*, 86 N. J. L., 75, 79, 91 A., 586; *State* v. *Bowers*, 35 S. C., 262, 266, 14 S. E., 488; *Rudolph* v. *State*, 128 Wis., 222, 228, 107 N. W., 466; *State* v. *Keyes*, 8 Vt., 57; 2 Bishop's New Crim. Law, Sec. 20; 16 Corpus Juris 117; 1 Bishop's New Crim. Law, 768.

Statutory arson and kindred crimes are made felonies by Chapter 130 of the Revised Statutes as amended by Chapter 71, P. L. 1935. *Section 1* as amended defines statutory arson as follows:

> "Whoever wilfully and maliciously sets fire to or causes fire to be set to the dwelling-house or any building, occupied in part for dwelling or lodging-house purposes and belonging wholly or in part to himself, his wife or to another, . . . shall be punished by imprisonment for not less than 1 year, nor more than 20 years."

*Section 2* as amended prohibits the wilful and malicious setting fire to enumerated public buildings or to any store, shop, office, barn or stable of the wife of the accused, or of another, within the curtilage of a dwelling-house so that such dwelling-house is thereby endangered, and if the building is burned in the night-time the punishment is imprisonment for any term of years, but if the offense is committed in the day-time, or without the curtilage of and without endangering a dwelling-house, imprisonment shall be for not less than one year nor more than ten years.

*Section 3* as amended reads:

> "Whoever wilfully and maliciously burns any building of his wife or of another, not mentioned in the preceding section, . . . shall be punished by imprisonment for not less than 1 year, nor more than 10 years."

It is the constitutional right of all persons accused of crime to know without going beyond the record the nature and cause of the accusation and to insist that the facts alleged to constitute a crime shall be stated in the complaint or indictment with that reasonable degree of fullness, certainty and precision requisite to enable them to meet the exact charge against them and to plead any judgment which may be rendered upon it in bar of a subsequent prosecution for the same offense. In criminal prosecutions, the description of the offense in the complaint or indictment must be certain, positive and complete. *State* v. *Strout*, 132 Me., 134, 167 A., 859; *State* v. *Crouse*, 117 Me., 363, 104 A., 525; *State* v. *Mace*, 76 Me., 64; *State* v. *Learned*, 47 Me., 426; *State* v. *Moran*, 40 Me., 129; Const. of Maine, Art. 1, Sec. 6. It is accordingly held that in charging an attempt to commit a crime, which is akin to soliciting the same to be done, and by some authorities deemed inclusive of it, it is necessary to allege and set out with reasonable certainty the particular offense attempted. *State* v. *Doran*, 99 Me., 329, 59 A., 440. Neither reason nor authority can be found for relaxing the strictness of this requirement when the indictment is for solicitation. A person accused of that offense is entitled to know the specific felony which it is alleged he solicited.

In the first, second, fourth and fifth counts of the indictment in this case, the respondent is charged with soliciting a named person to burn the "house" or "a certain building, to wit, a house" of one Flora Rowe, in each count described as occupied by the respondent and known as "Fernwood Inn." The uncertainty and incompleteness of these charges are apparent. The word "house" in a legal sense is not limited to a structure designed for human habitation but may mean any building, edifice or structure inclosed with walls and covered, regardless of the fact of human habitancy. It may be a private or a public house. 4 Words & Phrases (1st Ser.) 3351; 30 Corpus Juris 472; 4 Am. Jur. Arson, Par. 15. Neither the term "house" nor "a certain building, to wit, a house," without more than a allegation of undefined occupancy, describes a dwelling-house or a building occupied in part for dwelling or lodging-house purposes, the burning of which under the circumstances there enumerated is statutory arson. Sec. 1, Chap. 130, R. S., as amended. In a statute of similar import, the word "house" was so

construed in *Commonwealth* v. *Smith*, 151 Mass., 491, 24 N. E., 677. If it was intended to indict the respondent for soliciting the setting fire to a building within the purview of *Section* 2 of the statute as amended, or of "any building of another" mentioned in the succeeding section, the respondent may well be in doubt as to which of these offenses she is charged with having solicited. They are separate and distinct felonies and the severity of the punishment prescribed differs greatly. The description of the house, to wit, the building to be burned upon the respondent's solicitation should have been sufficiently definite to fix the identity of the substantive offense charged within the rule of *State* v. *Crouse*, supra ; *Commonwealth* v. *Hayden*, 150 Mass., 332, 23 N. E., 51 ; *Commonwealth* v. *Smith*, supra. Furthermore, both *Sections* 2 and 3 of the chapter as amended, in so far as they relate to the setting fire to or burning of buildings, prohibit and provide punishment only for the setting fire to or burning of the building of another. The four counts under consideration each and all allege that the "house" or "building, to wit, a house," the burning of which was solicited, was occupied by the respondent, by what right not appearing, but legally it must be assumed. By the weight of authority, under the law of arson the house belonged to the respondent, who occupied it, and the exact tenure or precise interest which she had is deemed immaterial. *State* v. *Keena*, 63 Conn., 329, 28 A., 522 ; *State* v. *Fish*, 27 N. J. L., 323 ; *Woodford* v. *People*, 62 N. Y., 117 ; *State* v. *Perry*, 74 S. C., 551, 54 S. E., 764 ; *State* v. *Hannett*, 54 Vt., 83 ; 5 Corpus Juris 553, n. 3 ; 6 C. J. S., 731. Under that doctrine, these counts do not allege that the respondent solicited the burning of the house or building of another. For the several reasons stated, these counts are defective.

The charge laid in the third count of the indictment is that "the said Ferne Beckwith, whose full, true and correct name is to your grand jurors unknown, of said Boston, in said Commonwealth of Massachusetts, on the said fourth day of August A. D. 1934, at said Newport, in said County of Penobscot, intending to procure and cause to wilfully and maliciously set fire to and to burn a certain house of one Flora Rowe, there situate in said Newport on State Highway numbered Seven, and then and there occupied by said Ferne Beckwith as a dwelling-house, and known as the "Fern-

wood Inn," did then and there feloniously, unlawfully, wilfully, maliciously, corruptly and wickedly did entice, solicit, and endeavor to persuade one Margaret Barrett, for the sum of one hundred dollars to be paid to her, the said Margaret Barrett by the said Ferne Beckwith, a certain house of one Flora Rowe, as aforesaid, there situate, feloniously, wilfully and maliciously to set fire to and the said house then and there, by such firing as aforesaid, feloniously, wilfully and maliciously to burn," with conclusion in the usual and prescribed form of criminal pleading. We are of opinion that the respondent is here charged with solicitation of an offense defined and prohibited by *Section* 1 of Chapter 130, R. S., as amended.

It was not arson at common law for a person to burn his own dwelling-house nor to procure it to be done by another, and the rule was the same under the earlier statutes which prohibited only the burning of the dwelling-house of another. *State* v. *Haynes*, 66 Me., 307; *Commonwealth* v. *Makely*, 131 Mass., 421; 5 Corpus Juris 557. See R. S. 1903, Chap. 120, Sec. 1 and prior revisions. The legislature, however, in Chap. 79, P. L. 1915 broadened the scope of the arson law and made it a crime to set fire to one's own dwelling-house or building occupied in part for dwelling or lodging-house purposes, and the pertinent provisions of that act appear in all subsequent and the current revision of the statutes. It is well to repeat that the law is:

"Whoever wilfully and maliciously sets fire to or causes fire to be set to the dwelling-house or any building, occupied in part for dwelling or lodging-house purposes and belonging wholly or in part to himself, his wife, or to another . . . shall be punished by imprisonment," etc. R. S., Chap. 130, Sec. 1.

Despite the argument of counsel for the respondent, we see no ambiguity in this provision nor basis whatsoever for construing the statute as prohibiting only the setting fire to the dwelling-house or any building occupied in part for dwelling or lodging-house purposes of another. The express language of the statute is to the contrary. *State* v. *Meservie*, 121 Me., 564, 118 A., 482, is not in conflict with this view. The part of the statute there quoted was not accurately set forth. The opinion is not directed to the question of

whether the building burned belonged to the accused or another, but to whether a barn set on fire adjoined such a building. The case can not be interpreted as limiting statutory arson to the setting fire to and burning of the dwelling-house of another.

Nor can the respondent successfully attack the third count of the indictment for lack of legal adjectives defining her *mens rea,* or state of mind, both as to the solicitation and the substantive offense. It is alleged that she did feloniously, unlawfully, wilfully, maliciously, corruptly and wickedly solicit the person named, feloniously, wilfully and maliciously to set fire and to burn the house which she occupied as a dwelling. There is no lack of adjectivism in this pleading.

On the view of the law that the house occupied by the respondent as a dwelling-house belonged to her under the law of arson, in accordance with the authorities already cited in the consideration of the other counts in the indictment, if she solicited the burning of that building she was guilty of soliciting a felony defined by the statute. If the law were otherwise and it could be held that the house belonged to the owner of the fee, the respondent's offense would be none the less. Both cases are covered by the law.

In accordance with the stipulation of the certificate by which the case is sent forward on report, it must stand for trial in the Superior Court on the third count in the indictment. The other counts should be stricken out.

*Case remanded for trial on the*
*third count of the indictment.*