STATE OF MAINE

*vs.*

JERRY D. BELLMORE

Oxford.   Opinion, July 15, 1949.

*Robert T. Smith, County Attorney,* for State of Maine.

*Benjamin L. Berman, David V. Berman,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   This case comes forward on exceptions allowed by the presiding justice to the overruling of a demurrer joined in by the County Attorney for the State.

The record discloses that the respondent was charged with an unlawful sale of liquor in a complaint issuing out of the Rumford Falls Municipal Court.   The body of the complaint avers:

"that Jerry D. Bellmore of Rumford in said County of Oxford at said Rumford on the 3rd day of December A. D. 1948, did unlawfully sell a certain quantity of liquor, to wit, approximately two ounces of liquor to one Philip Violette, the said Jerry D. Bellmore not having then and there a li-

"cense therefor issued by the State Liquor Commission as provided by law, against the peace of said State, and contrary to the form of the Statute in such case made and provided."

The demurrer sets forth that the matters contained in said complaint are not sufficient in law because no judgment can be given thereon, there being no allegation that the "liquor" referred to and mentioned in said complaint as being the subject of the unlawful sale was "intoxicating liquor" and, therefore, that no violation of law is charged therein. The complaint purports to charge an unlawful sale of a certain small quantity of liquor and it should be noted that the liquor so alleged to have been the subject of the unlawful sale was not described as intoxicating liquor. The State asserts that it is unnecessary to allege that the liquor is intoxicating because the definition of liquor as found in the Revised Statutes of 1944, Chapter 57, Section 1, defines the meaning of the word "liquor" when used in any statute or law relating to intoxicating liquor and likewise defines intoxicating liquor as having the same meaning as the word liquor.

It should be noted and the State asserts that the complaint follows the words of the Revised Statutes of Maine, Chapter 57, Section 66, governing the penalty for illegal sale of liquor. However, Section 97 of said Chapter 57 relating to the form of complaint for single sale contains the word "intoxicating." It should be further noted in this connection that said Section 97 provides that the form therein set out and herein referred to is sufficient in law. It should not, however, be understood that other suitable language could not be used to properly describe a single sale.

The respondent contends that the complaint violates Article 1, Section 6 of the Constitution of Maine which reads as follows:

"In all criminal prosecutions the accused shall have a right * * * * * to demand the nature and cause of the accusation."

In other words, the respondent claims that all facts alleged to constitute a crime shall be stated in the complaint with certainty and precision of designation sufficiently requisite to enable him to meet the exact charge and that the want of a direct and positive allegation in the description of the substance, nature or manner of the offense cannot be supplied by any intendment, argument or implication whatever.

The issue, then, before this court is whether or not the language set forth in the complaint, following the statute as it does, charges the respondent with a crime.

The crime is the unlawful sale of intoxicating liquor. Revised Statutes of Maine, 1944, Chapter 57, Section 66. To be sure, the statute uses the word "liquor" and omits the word "intoxicating" and the State attempts to justify the omission by stating that under said Chapter 57 wherever the word "liquor" is used it shall mean intoxicating liquor. See Revised Statutes of Maine, 1944, Chapter 57, Section 1. Prior to the enactment of the Revised Statutes of 1944 the statutes relating to unlawful sale of intoxicating liquor used the word "intoxicating," but in said Chapter 57 the Legislature defined what it meant by the use of the word "liquor." It has long been held in the State of Maine that the Legislature has the power and right to prescribe, change or modify the forms of process and proceedings in civil actions, but it has also been held in criminal prosecutions that the exercise of this right is limited and controlled by the paramount law of the Constitution. The Constitution protects with zealous care the rights of the accused and requires that no person shall be required to answer until the accusation against him is formally, fully and precisely set forth * * * that the respondent may know of what he is accused and be prepared to meet the exact charge against him. The Legislature cannot dispense with the requirement of a distinct presentation of an offense against the law. It cannot compel an accused person to answer to a complaint

which contains no charge, either general or particular, of any offense. *State* v. *Learned,* 47 Me. 426 (1859). This has been the basic law of this State from the beginning of statehood down to the present time. It has recently been expressed by this court in the case of *State* v. *Beckwith,* 135 Me. 423, 426; 198 Atl. 739, 741, in the following language:

> "It is the constitutional right of all persons accused of crime to know without going beyond the record the nature and cause of the accusation and to insist that the facts alleged to constitute a crime shall be stated in the complaint or indictment with that reasonable degree of fullness, certainty and precision requisite to enable them to meet the exact charge against them and to plead any judgment which may be rendered upon it in bar of a subsequent prosecution for the same offense. In criminal prosecutions, the description of the offense in the complaint or indictment must be certain, positive and complete. State v. Strout, 132 Me., 134, 167 A. 859; State v. Crouse, 117 Me., 363, 104 A., 525; State v. Mace, 76 Me., 64; State v. Learned, 47 Me. 426; State v. Moran, 40 Me., 129; Const. of Maine, Art. 1, Sec. 6."

See also *State* v. *Peterson,* 136 Me. 165; 4 Atl. (2nd) 835, which cites *State* v. *Beckwith, supra,* 135 Me. 423; 198 Atl. 739.

It is common knowledge that the word "liquor" includes both intoxicating and non-intoxicating liquor. Webster's Dictionary, Standard Dictionary. The statute only authorizes a prosecution for the sale of intoxicating liquor and in spite of the fact that the complaint in this case follows the language of the statute, we hold, by virtue of the cases herein cited, that the law set forth in said cited cases is conclusive of the issue in this case because any other holding would infringe upon the rights of a respondent guaranteed him under the Constitution of our State. It was reversible error to overrule the demurrer of the respondent.

*Exceptions sustained.*