## THE STATE v. JAMES M. ALLGOR, PROSECUTOR.

Argued February 16, 1909—Decided June 7, 1909.

An allegation in an indictment setting forth an act not *malum in se* or *malum prohibitum*, but criminal only from the aspect given to the act by extrinsic facts, such facts should be alleged by way of inducement or innuendo, or the indictment will be defective.

On writ of *certiorari* removing an indictment from Monmouth Sessions.

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *Richard Doherty* and *Thomas F. Griffin.*

For the state, *John S. Applegate, Jr.*

The opinion of the court was delivered by

MINTURN, J.  Upon a prominent thoroughfare in the borough of Seabright the prosecutor in this writ, according to the allegations of the indictment presented by the grand jury of Monmouth county, caused to be suspended and exhibited upon a rope from his building, to a pole near the edge of the highway, "a pair of blue overalls, one pair of dirty white overalls, one old piece of bed ticking, one pair of ladies' white drawers, two pairs of men's red flannel drawers."  But the gravamen of the allegation consisted in the fact that the flaming red raiment of this segregation of human utilities bore the words: "The M. Packor, The M. McMahoney," and a certain placard which contained the words: "They do say who stole the firemen's relief money."  "They do say who stole the church money."  Which combination, in the language of the indictment, was "offensive to the senses, and a common nuisance to all the citizens of the state there residing, inhabiting and passing."

It is not perceived how the mere allegation of this act, without *colloquium,* innuendo, or inducement, to show the relation of Messrs. Packor and McMahoney to the firemen's fund or to the church fund, or to show that either fund had an existence, so as to make it the subject of larceny, can be construed into an allegation of criminality. In a common-law declaration seeking only damages for an alleged libel, such an allegation would be demurrable. 1 *Chit. Pl.* 400; *Joralemon* v. *Pomeroy,* 2 *Zab.* 271.

And *a fortiori,* where the liberty of the citizen is at stake, is the objection valid and fatal.

*Non constat* as the owner of the fee in the highway, upon which is imposed only a public easement, which may be in nowise interfered with by such an act, this defendant, so far as the indictment alleges, might insist upon the perfect legality of this act. *Adams* v. *Rivers,* 11 *Barb.* (*N. Y.*) 1390; *Montclair Military Academy* v. *North Jersey Street Railway Co.,* 36 *Vroom* 328.

Want of certainty in the statement of the offence is, therefore, the vice of this indictment, and at common law the rule is fundamental, that an indictment must be certain in its allegations, so that it can be seen upon inspection, not merely what nature of crime, but what particular crime is intended to be charged. 2 *Hale P. C.* 193; *Rex* v. *Juddis,* 1 *East* 314; *State* v. *Middlesex Traction Co.,* 38 *Vroom* 14; *United States* v. *Cruikshank,* 92 *U. S.* 542; *State* v. *Morris and Essex Railroad Co.,* 7 *Vroom* 555.

This rule is supplemented by our organic law, state and federal, as well as by the bill of rights (article 12), which requires "that the accused shall enjoy the right to be informed of the nature and cause of the accusation" against him. "A salutary rule of the common law," says the Massachusetts Supreme Court: "That no subject shall be held to answer for any crime or offence, until the same is fully and plainly and substantially and formally described to him." *Commonwealth* v. *Phillips,* 16 *Pick.* 211.

If it be intended to charge a crime by the commission of an act not *malum in se* or *malum prohibitum,* but criminal only

from the color given to it by extrinsic facts, which explain its criminal aspect, such facts should be set out by way of inducement, *colloquium* or innuendo in the indictment, or their absence will invalidate it. 3 *Chit. Am. L.* 875; *State* v. *Mott,* 16 *Vroom* 494; *State* v. *Corbett,* 12 *R. I.* 288; *State* v. *Haddonfield Turnpike Co.,* 36 *Vroom* 97.

As was said by the Court of Errors and Appeals in *State* v. *Morris and Essex Railroad Co., supra:* "A mere allegation in the indictment, that certain facts charged are to the common nuisance of all the citizens of the state, will not make it a good indictment, unless the facts charged be of such a nature as may justify the conclusion as one of law as well as of fact."

For these reasons this indictment must be quashed.