THE STATE OF NEW JERSEY, DEFENDANT IN CERTIO-RARI, v. CHARLES HATFIELD, PROSECUTOR.

Submitted December 3, 1914—Decided April 5, 1915.

1. In a complaint under section 1 of "An act concerning disorderly persons," charging that defendant did "use or pretend to use or have skill in physiognomy, palmistry or like crafty science, or did pretend to tell destinies, or fortunes," proof of the practice of any one of the specified acts will be sufficient to sustain the charge of being a disorderly person.
2. The statute before cited describes an offence in such general terms as will embrace a variety of circumstances, and a general description, though pursuant to the words of the act, is insufficient; the facts from which it would appear that the statute has been violated must be set forth.
3. The offence charged in the complaint must be positive and certain, and not in the alternative, so that the defendant will be protected from a second prosecution for the same act.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Aquilla N. Venino* and *Edwards T. Casebolt.*

For the defendant, *Frederick F. Guild.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor was convicted in the Second Criminal Court of Newark, under section 1 of an act entitled "An act concerning disorderly persons (Revision of 1898)." *Comp. Stat., p.* 1926.

This section, among other things, provides: "and all persons who shall use or pretend to use or have any skill in physiognomy, palmistry, or like crafty science, or who shall pretend to tell destinies or fortunes * * * shall be deemed and adjudged to be disorderly persons."

The complaint, on which the prosecutor was convicted, charged him as follows: "The said Charles Hatfield did use or pretend to use or have skill in physiognomy, palmistry or like crafty science, and did pretend to tell destinies, or fortunes, contrary to the statute in such case made and provided."

The warrant issued on the complaint and the record of conviction and judgment adopt the precise language used in charging the offence set out in the complaint as above recited.

What the prosecutor did, as appears from the record before us, was to cast a horoscope for the complaining witness, at her request, with explanatory remarks and advice, and made some forecasts, which latter act properly comes within the telling of destinies.

For the prosecutor it is argued that the complaint is fatally defective because it charges him with several distinct crimes in a single complaint.

It is to be observed that a person may pretend to use and use palmistry and physiognomy, to tell fortunes and destinies, or he may use only one of the means or neither, and if he does use all, or any one, or neither, but pretends to tell fortunes and destinies he will be deemed and adjudged a disorderly person. As they all appear to be cognate offences care must be taken not to confuse the several specifications of the same offence, with cases where the offences are in their nature distinct or where the offences were committed on different dates. This is best stated as to the former class of cases by the following example: thus, if the prosecutor had, at the time when the complaining witness applied to him, not only cast her horoscope but had used palmistry and physiognomy and told her fortune and destiny, it would, under the

statute, have made him amenable to be adjudged a disorderly person, subject to a single penalty therefor. The legal situation is similar to that which exists in a case where the offence charged is a public nuisance. The common law form of an indictment for keeping and maintaining a disorderly house is a pertinent illustration.

Such an indictment charges tippling, whoring, fighting, gaming, harboring thieves, &c., in a single count. Proof of the habitual practice of any one of these specifications will be sufficient to sustain a charge of keeping a disorderly house. It is also to be noted that the many things therein specified are not even cognate in their nature but are so in their effect, that is, in the production of evil to public morals.

We are, therefore, unable to perceive why a different legal rule is applicable to the case under consideration. The evil the law aims to prevent is the imposition practiced upon the credulous portion of the public. It declares the person found using or pretending to use the different means denounced in the act to be a disorderly person, in fact, a public nuisance. Whether or not he uses only one or all of the means, the result is the same.

The complaint is invalid because it charges the prosecutor not only with practicing physiognomy and palmistry but also with a "like crafty science" and with telling destinies and fortunes, without disclosing facts or circumstances from which it may be made to appear that the prosecutor used a like crafty science and told destinies and fortunes.

"Though, in general it may be sufficient to state the fact in the words of the act of parliament, yet it is not always safe merely to convey the description of the offence in these words; for where the statute describes an offence in such general terms as will embrace a variety of circumstances, a general description, though pursuant to the words of the act, is insufficient unless the circumstances be set out with time, place," &c. *Paley Sum. Conv.* (*8th ed.*) 197; *Rex* v. *Jarvis,* 1 *Burr.* 148; 1 *Str.* 494, 495; *Hale P. C.* (*1st Am. ed.*), *ch.* 25, *p.* 187, *note* 7.

1. The pleader should .have set out the facts from which it would be made to appear that the science practiced by the prosecutor came within the term of crafty science, as intended by the act. If the pleader relied on the practice of astrology to prove the prosecutor a disorderly person, and to which it appears the proof in the case was solely directed, it should have been so charged in the complaint, and its omission therefrom is fatal. *Linden Park Horse Association* v. *State,* 55 *N. J. L.* 557.

2. The charges made against the prosecutor are stated in the alternative.

A charge should be positive and certain, in order that the defendant may be protected from a second accusation for the same fact. *Paley Sum. Conv.* 173; *Rex* v. *Catherall* 2 *Str.* 900.

An offence, therefore, cannot be charged disjunctively, or in the alternative in a conviction. Where the information set out in the conviction stated that the defendant "did kill, take and destroy or attempt to kill, take or destroy the fish," the court quashed the conviction. *Rex* v. *Sadler,* 18 *E. C. L. Rep.* 766; *State* v. *Flynn,* 76 *N. J. L.* 473.

3. The record of conviction shows that the prosecutor was convicted of using or pretending to use physiognomy or palmistry or like crafty science, without any testimony to support those charges, and, notwithstanding that it appeared that the prosecutor used and pretended to use astrology which was not specifically charged against him in the complaint.

For the reasons stated the conviction will be set aside.