## PANE v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit. December 10, 1924.)

Nos. 6480, 6481.

**1. Intoxicating liquors ⊜211—Indictment for possession held sufficient.**

Indictment alleging that defendants, "in the district and division aforesaid," had possession of described liquor, *held* not defective, because not stating where or how defendants possessed the liquor.

**2. Criminal law ⊜493, 698(1)—Prohibition agents held qualified to testify as to character of whisky, in absence of objection.**

Where no objection was made, government prohibition agents were qualified to testify that bottles seized contained moonshine whisky, and failure to have chemical analysis made or to qualify witnesses, did not render their testimony insufficient to sustain conviction.

**3. Intoxicating liquors ⊜236(4)—Evidence held to connect defendant with unlawful sales by another.**

Evidence that defendant operated pool hall in which his brother sold whisky, and after one sale turned money over to defendant, who rang up amount in cash register, *held* sufficient to connect defendant with unlawful sales.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Tony Pane and Ike Pane were convicted of sale and possession of intoxicating liquor, and they separately bring error. Judgments affirmed.

William E. Lovely, of Omaha, Neb. (Lovely & Lovely, of Omaha, Neb., on the brief), for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

STONE, Circuit Judge. These are separate writs of error from convictions for violating the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The convictions were upon all seven counts of the indictment. Counts 1 to 6 were for different sales of liquor. Count 7 was for possession. The sentence of each defendant was not imposed on the basis of the conviction

for each count but was for three months on the total conviction.

Three points are presented here:

## I.

[1] One is aimed at the sufficiency of the seventh count of the indictment, in that it does not state "where or how the defendants possessed the liquor." The allegations of this count are that these two parties "in the district and division aforesaid * * * unlawfully did have in their possession * * * about two half pints moonshine whisky, and that they * * * then and there well knew the same to be such intoxicating liquor." In the argument to this court, counsel seemed to have waived this point and they were wise in this course as there is nothing to their contention.

## II.

[2] It is contended that the evidence failed to show that the liquid possessed and purchased was within the act. Four witnesses positively swore to the purchase from defendants of certain amounts of moonshine whisky. The argument is that the witnesses were not first qualified to give an opinion as to the contents of the bottles and that it does not appear from the record what, if any, experience they had had with whisky which would qualify them to state the contents of these bottles and that no chemical analysis was made nor was the fluid subjected to any test to determine whether it was intoxicating liquor designed or intended for beverage purposes.

While it is, of course, necessary to show that the liquid possessed and sold was within the act, yet familiarity with whisky is too recent and general to require very much expert qualification on the part of any witness, much less upon the part of prohibition agents, such as these witnesses, whose business it is to know whisky and who have frequent contact therewith. Besides, no objection appears in the record to have been made on the ground of lack of qualifications. It was amply sufficient.

## III.

[3] The third point urged applies to only one of the defendants, Ike Pane. This contention is that the evidence failed to connect him with the possession of the liquor. The offenses charged in six of the seven counts were not possession but sale. The evidence was that Ike Pane operated a pool hall; that Tony Pane, his brother, was in no way interested in the business nor employed there; that different witnesses purchased from Tony Pane at the pool hall on seven different days in January, 1923, moonshine whisky. In each instance Tony Pane would go outside the pool hall and return with the bottles of whisky. At the time of one of the purchases, payment was made for the whisky to Tony Pane inside of the pool hall, and Tony walked over to the soft drink bar and handed the money to Ike Pane who rang up the amount in the cash register on the back of the bar. This last item of evidence, taken with the other evidence, is sufficient to connect Ike Pane with the unlawful sales.

Both judgments should be and are affirmed.