## MYERS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1926.)

No. 7098.

**1. Jury ☞109.**

District Court is authorized in drawing jury to exclude jurors from county in which crime was committed, without assigning reason therefor.

**2. Criminal law ☞1144(8).**

It will be presumed that District Judge, in excluding jurors from county in which crime was committed, exercised sound discretion.

**3. Jury ☞109.**

One challenging alleged arbitrary action of court in excluding jurors from county in which crime was committed has burden of showing abuse of discretion.

**4. Intoxicating liquors ☞17.**

National Prohibition Act, tit. 2, § 32 (Comp. St. § 10138½s), *held* constitutional.

**5. Indictment and information ☞110(31).**

Information for sale of intoxicating liquor need not plead offense in precise language of Prohibition Act.

**6. Indictment and information ☞63.**

Information for sale of intoxicating liquors, pleading elements and ingredients as defined and set out in statute. *held* not obnoxious as pleading mere conclusions.

**7. Intoxicating liquors ⬅219.**

Indictment or information under the Volstead Act (Comp. St. § 10138¼ et seq.) is not void because of failure to state name of purchaser of liquor.

**8. Intoxicating liquors ⬅222.**

Information for sale of intoxicating liquor under National Prohibition Act (Comp. St. § 10138¼ et seq.) need not include any defensive negative averments.

**9. Intoxicating liquors ⬅216.**

Information for sale of intoxicating liquor under National Prohibition Act (Comp. St. § 10138¼ et seq.) need not allege liquor was fit for beverage purposes, or that it was sold for such purposes.

**10. Indictment and information ⬅110(2).**

Generally indictment for statutory offense need only charge defendant with acts in substantial words of statute, sufficient to apprise him of nature of accusation.

**11. Criminal law ⬅1134(2).**

On writ of error, record, indictment, and judgment can be considered, to determine sufficiency of indictment.

**12. Indictment and information ⬅121(1).**

Function of bill of particulars is to cure loose statement or omission of details, necessary to enable defendant to prepare defense, and to protect him against second prosecution.

**13. Indictment and information ⬅121(1).**

Office of bill of particulars attaches without distinction, where indictment states all ingredients of offense and further detail may be required or demanded for protection of defendant.

**14. Indictment and information ⬅109.**

Indictment or information, which charges all essential elements and ingredients of statutory offense, is good as against general demurrer.

**15. Indictment and information ⬅202(5).**

Indictment or information, charging essential elements and ingredients of statutory offense, is good after verdict against special demurrer, in absence of substantial prejudice.

**16. Indictment and information ⬅71.**

Indictment must contain every essential element and ingredient of offense stated, so as to enable defendant to prepare defense and protect himself from subsequent prosecution.

**17. Indictment and information ⬅121(1).**

If indictment fails to advise defendant of matters necessary for defense, and as safeguard from further prosecution, details may be supplied by bill of particulars.

**18. Indictment and information ⬅202(5)—Intoxicating liquors ⬅215.**

Information for sale of intoxicating liquor on certain day, at specified place within jurisdiction of court, *held* good against general demurrer and after verdict, when not seasonably challenged.

**19. Criminal law ⬅1134(2).**

Where special demurrer to information for sale of liquor on specific date in certain city and state was overruled, without requiring bill of particulars, record may be resorted to, to ascertain whether prejudice resulted.

**20. Criminal law ⬅1167(1)—Defendant held not prejudiced by overruling special demurrer to information without requiring bill of particulars, where affidavits accompanying information set out with particularity acts charged.**

Where information for sale of liquor on specific date in certain city and state is accompanied by the necessary supporting affidavits, setting out the person to whom sale was made, and spot where it was made, which said affidavits are duly filed and made part of the record, defendant was not prejudiced by overruling special demurrer without requiring bill of particulars.

Booth, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Preston B. Myers was convicted of the sale of intoxicating liquor, and he brings error. Affirmed.

W. F. Gurley and James H. Hanley, both of Omaha, Neb. (Gurley, Fitch & West, of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty. of Omaha, Neb. (James C. Kinsler, U S. Atty., and Ambrose C. Epperson and Andrew C. Scott, Asst. U S. Attys., all of Omaha, Neb., on the brief), for the United States.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. January 26, 1925, there was filed against plaintiff in error in the United States Court for the District of Nebraska, Omaha Division, an information consisting of five counts. The first three counts charged sales of intoxicating liquor; the fourth count unlawful possession of such; and the fifth count was for the maintenance of a common nuisance for the keeping for sale, and for barter and sale, of intoxicating liquor. At the trial the jury found the defendant guilty upon the second and third counts, not guilty upon the first and fifth counts, and at the direction of the court, not guilty on the fourth count; objections to the search warrant which produced the evidence upon which the fourth count was predicated having been sustained.

Plaintiff in error, defendant below, filed a motion to quash the jury panel because of the exclusion, in the drawing, of jurors from

Douglas county, in which Omaha is situated; it being urged that the population of Douglas county formed a large percentage of that of the division of the district in which the offense was committed and tried. The order excluding these jurors was made pursuant to a long-standing practice of the court that, in drawing jurors, the county in which the crime was committed should be excluded. Defendant also filed a demurrer to the information on the following grounds:

(1) Because section 32 of title 2 of the National Prohibition Act is unconstitutional and void.

(2) Because the information does not employ the same or similar language to that contained in the act creating and defining the offense.

(3) Because conclusions, instead of facts, are pleaded.

(4) Because the information fails to allege the name of the purchaser, a definite place of the sale, the amount of the sale price, the definite kind or character of liquor, and an approximation of the alcoholic content thereof.

(5) Because the information fails to negative exceptions.

(6) Because the information does not charge that the liquor was sold for beverage purposes.

These grounds of demurrer were repeated as challenge to all the counts.

[1-3] The motion to quash the panel was properly overruled. The law authorizes the court to draw the jury as was done in this case, and it is not required to assign a reason for so doing. The presumption is that it acted in the exercise of a sound discretion. If requested to assign a reason for the purpose of making a record for review, we think proper practice would require this to be done; but, in the absence of such request, we do not think the discretion can be challenged on that ground. The burden is upon the party who seeks to challenge the alleged arbitrary action, and in this case that burden has not been successfully carried. Spencer v. United States (C. C. A. Eighth Circuit) 169 F. 562, 95 C. C. A. 60.

The cited case concerned the exclusion of the county of Polk, Iowa, which embraces the city of Des Moines, and the situation as to population approximates that urged in the instant case. The court said:

"Rev. St. § 802 [Comp. St. § 1254] providing that jurors shall be returned from such parts of the district as the court shall direct so as to be more favorable to an impartial trial, was not unconstitutional in so far as it permitted the summoning of jurors from parts of the district not containing the county in which the crime was committed, as depriving accused of a constitutional right to be tried by an impartial jury of the district wherein the crime was committed."

This ruling accords with the prevailing view in the United States that jurors, so far as possible, should be removed from any suspicion of knowledge, acquaintance, local bias or prejudice, and differs from the ancient English rule which required jurors to be summoned from the vicinage.

[4-8] Most of the objections urged to the information are clearly ineffective. (1) The constitutionality of the act has been established beyond debate. (2) The offense need not be pleaded in the precise language of the act; but, in this case, the requirement urged is substantially met. (3) In a statutory offense pleading the elements and ingredients as defined and set out in the statute is not obnoxious to the charge of pleading mere conclusions. (4) The act under which this prosecution was brought specifically provides that the name of the purchaser need not be stated in the indictment or information, but may be supplied, if desired, upon application for a bill of particulars. It has been frequently held under the Volstead Act (Comp. St. § 10138¼ et seq.) that an indictment or information is not void for failure to state the name of the purchaser. Prior thereto, under the Alaska Code, the Circuit Court of Appeals for the Ninth Circuit held to the same effect. Booth v. United States (C. C. A. Ninth Circuit) 197 F. 283, 116 C. C. A. 645. The price paid is immaterial. An allegation that intoxicating liquor has been unlawfully sold implies payment of the price therefor. Booth v. United States, supra. The information states the specific kind and character of liquor claimed to have been sold and a sufficient approximation of the alcoholic content. In fact the term "alcohol" has a definite meaning and is specifically employed in the act. Furthermore it is unnecessary in such an information to include any defensive negative averments. Massey v. United States (C. C. A. 8th Circuit) 281 F. 293; Hensberg v. United States (C. C. A. 8th Circuit) 288 F. 370; Heitler v. United States (C. C. A. 7th Circuit) 280 F. 703; Meyers v. United States (C. C. A. 2d Circuit) 3 F.(2d) 379; McDonough v. United States (C. C. A. 9th Circuit) 299 F. 30; Pane v. United States (C. C. A. 8th Circuit) 2 F.(2d) 855.

The foregoing cases dispose of the fifth assignment in the demurrer. (6) It was unnecessary to allege even the fitness for bever-

age purposes, much less that it was sold for such purposes. Massey v. United States and Hensberg v. United States, supra.

[9] It remains, then, to consider the effect of the omission to state in the information (a) the name of the purchaser, and (b) the specific place of the sale as distinguished from the city, county, state, and district, on the ground urged that, because of these omissions that information failed properly to advise the defendant of sufficient facts, relative to the commission of the alleged offense, to enable him to prepare his defense and to be protected against a possible subsequent prosecution for the same acts.

That it is ordinarily unnecessary in an information, so far as the venue is concerned, to specify more than the county or city and state, nor, indeed, more than the judicial district, in order to disclose jurisdiction, is established by abundant authority, and this has been the rule from earliest times not only in this country, but in England. 1 Wharton's Criminal Procedure, § 134; 1 Bishop's New Criminal Procedure, §§ 376–378; 1 Baldwin's Reports, 119; 33 Corpus Juris, 716, citing cases from a number of states; Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162; Flack et al. v. United States (C. C. A. 8th Circuit) 272 F 680; Heitler v. United States (C. C. A.) 280 F. 703; Adamson v. United States (C. C. A.) 296 F. 110; Dukich v. United States (C. C. A.) 296 F. 691; McDonough v. United States (C. C. A.) 299 F. 30; Pane v. United States (C. C. A.) 2 F.(2d) 855.

[10] The rule has been uniformly announced that, where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description in the substantial words of the statute, without further expansion of the matter, to which is to be added that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. United States v. Hess, 124 U. S. 483–488, 8 S. Ct. 571, 31 L. Ed. 516; United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; United States v. Britton, 107 U. S. 655–661, 2 S. Ct. 512, 27 L. Ed. 520; United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; United States v. Cook, 17 Wall. 168–174, 21 L. Ed. 538; United States v. Cruikshank, 92 U. S. 542–558, 23 L. Ed. 588; Pettibone v. United States, 148 U. S. 197–204, 13 S. Ct. 542, 37

L. Ed. 419; Evans v. United States, 153 U. S. 584–590, 14 S. Ct. 934, 38 L. Ed. 830; Cochran & Sayre v. United States, 157 U. S. 287–290, 15 S. Ct. 628, 39 L. Ed. 704.

The main reasons for these requirements as stated generally are:

"(1) That the defendant's conviction or acquittal may enure to his subsequent protection, should he be again questioned on the same grounds.

"(2) To enable the court, looking at the record after conviction, to decide whether the facts charged are sufficient to support a conviction of the particular crime, and to warrant their judgment.

"(3) To enable the defendant to prepare for his defense in a particular case, and to plead in all, or, if he prefer it, to submit to the court by demurrer whether the facts alleged so support the conclusion in law, as to render it necessary for him to make any answer to the charge."

Beyond question this information states all of the essential elements and ingredients of the offense as defined by statute. It alleges the sale by the defendant on a specific date, in a specific city, county, and state, within the jurisdiction of the court. It identifies the article sold as one prohibited by law. The venue necessary to disclose jurisdiction is thus stated, and all the elements essential to constitute an offense are present. The information is therefore good against general demurrer. The question then is whether it contains sufficient definiteness to enable the defendant to prepare his defense and to be protected against a second prosecution for the same acts, and, if it does not, to what extent it is defective, whether it is wholly void, or whether its omissions may be supplied by bill of particulars, if attacked by motion to quash or special demurrer. Beyond question, if not so attacked, the court, looking at the record after conviction, could decide without difficulty that the facts alleged were sufficient to support a conviction of the crime charged.

Of the cases above cited United States v. Carll, United States v. Britton, United States v. Cook, United States v. Hess, and United States v. Simmons were certified cases, in which abstract rulings were requested, not involving the review of a judgment after trial on the merits. In all these cases, as in United States v. Pettibone, an essential element of the offense was either omitted, or so inadequately pleaded that the court, in inspecting the record, could not determine that the facts charged were sufficient to support a conviction of the particular crime.

In United States v. Simmons the general

rule is restated that it is sufficient in an indictment to charge the defendant with acts coming fully within the statutory description in the substantial words of the statute without any further expansion of the matter, adding, however, the requirement that he should be apprised by the indictment with reasonable certainty of the nature of the accusation against him.

In Evans v. United States it was said:

"An indictment should charge the crime, alleged to have been committed, with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged; but it is not necessary in framing it to set up an impracticable standard of particularity, whereby the government may be entrapped into making allegations which it would be impossible to prove," especially where no useful purpose to the defendant is subserved.

The court further observes that:

"While the rules of criminal pleading require that the accused shall be fully apprised of the charge made against him, it should, after all, be borne in mind that the object of criminal proceedings is to convict the guilty, as well as to shield the innocent. * * * 'The defendant,' said the court, 'is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not to such strictness in averment as might defeat the ends of justice.'"

In Cochran & Sayre v. United States it was held that:

"In such indictment the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

In Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162, substantially all of the cases just cited were considered. The court said:

"The cases wherein it is held that an indictment in the exact language of the statute is not sufficient are those wherein the statute does not contain all the elements of the offense, as in United States v. Carll, 105 U. S. 611 [26 L. Ed. 1135], where a statute against passing counterfeit money failed to aver the scienter; but, where the statute sets forth every ingredient of the offense, an indictment in its very words is sufficient, though that offense be more fully defined in some other

section [citing cases]. * * * Notwithstanding the cases above cited from our reports, the general rule still holds good that upon an indictment for a statutory offense the offense may be described in the words of the statute, and it is for the defendant to show that greater particularity is required by reason of the omission from the statute of some element of the offense. Where the statute completely covers the offense, the indictment need not be made more complete by specifying particulars elsewhere obtained. * * *

"Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month, and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day may be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient. * * * Properly speaking, the indictment should state, not only the county, but the township, city, or other municipality, within which the crime is alleged to have been committed. But the authorities in this particular are much less rigid than formerly. * * * While in this country it is usual to state the town as well as the county, it has not been generally deemed necessary to do so, and most of the authorities assume that an allegation is sufficient after verdict which shows it to have been done within the jurisdiction of the court."

It is then held that "this indictment might not have been open to special demurrer for insufficiency as to the allegations of time and place, but upon motion in arrest of judgment we think it is sufficient."

In view of the fact that the Supreme Court cases above cited, which are the leading older cases, and which state the rule as fully and as strongly as it can be stated, were cited and considered in Ledbetter v. United States, it would seem that these earlier cases must be read with the modifications stated in this later decision.

In New York Central R. R. Co. v. United States, 212 U. S. 481–497, 29 S. Ct. 304, 308 (53 L. Ed. 613), it is said:

"Section 1025 of the Revised Statutes of the United States [Comp. St. § 1691] provides that no judgment upon an indictment shall be affected by reason of any defect or imperfection in matter of form which shall not tend to the prejudice of the defendant,

and, unless the substantial rights of the accused were prejudiced by the refusal to require a more specific statement of the manner in which the offense was committed, there can be no reversal. Connors v. United States, 158 U. S. 408, 411 [15 S. Ct. 951, 39 L. Ed. 1033]; Armour Packing Co. v. United States, 209 U. S. 56–84 [28 S. Ct. 428, 52 L. Ed. 681]."

The latter case was upon certiorari to the Circuit Court of Appeals for this circuit. In the opinion below the rules respecting the requirements of an indictment were stated with all the technical precision for which defendant here contends. The Supreme Court, in affirming, repeated the language just quoted from Ledbetter v. United States and said:

"In the present case no objection was made to the indictment until after verdict by motion in arrest of judgment. Had it been made by demurrer or motion, and overruled, it would not avail the defendant, in error proceedings, unless it appeared that the substantial rights of the accused were prejudiced by the refusal to require a more specific statement of the particular mode in which the offense charged was committed. See Rev. Stat. U. S. § 1025; Connors v. United States, 158 U. S. 408, 411 [15 S. Ct. 951, 39 L. Ed. 1033]. There can be no doubt that the accused was fully advised of and understood the precise facts which were alleged to be a violation of the statute."

In Connors v. United States, supra, the following statement is added:

"There is no ground whatever to suppose that the accused was taken by surprise in the progress of the trial, or that he was in doubt as to what was the precise offense with which he was charged."

In Holmgren v. United States, 217 U. S. 509–523, 30 S. Ct. 588, 591 (54 L. Ed. 861, 19 Ann. Cas. 778), it is said:

"This objection does not appear to have been specifically pointed out in the demurrer, or otherwise taken advantage of upon the trial. In this proceeding it is too late to urge such objections to a matter of form, unless it is apparent that it affected the substantial rights of the accused."

In Brown v. United States (C. C. A. 8th Circuit) 143 F. 60, 61, 65, 74 C. C. A. 214, 216, Judge (now Mr. Justice) Van Devanter, after stating the general rule, said:

"But it is to be borne in mind that what is required is reasonable, not absolute or impracticable, particularity of statement; else the rules of criminal pleading will be deflected from their true purpose, which is to secure the conviction of the guilty, as well as

to shield the innocent [citing cases]. It is also to be borne in mind that a defect in matter of substance is fatal, while a defect in matter of form only—and this includes the manner of stating a fact—which does not tend to the prejudice of the accused, is immaterial."

And again: "An indictment is not required to set forth matters of evidence, but only ultimate matters of fact."

In Horn v. United States, 182 F. 721–728, 105 C. C. A. 163, 170, this court, after quoting section 1025 of the Revised Statutes, said:

"This of course is not to be construed as permitting the omission from the indictment of any matter of substance; but it is applicable where the only defect complained of is that some element of the offense is stated loosely and without technical accuracy. Dunbar v. United States, 156 U. S. 185 [15 S. Ct. 325, 39 L. Ed. 390]."

The court then proceeds to lay down the true test of an indictment upon writ of error. It said:

"The true test therefore is, not whether the indictment might possibly have been made more certain, but whether it contains every element of the offense intended to be charged and sufficiently apprises the accused of what they must be prepared to meet, and, in case any other proceedings are taken against them for a similar offense, *whether the record shows with accuracy to what extent they may plead a former acquittal or conviction* [citing cases]. (Italics ours.) It is seldom that an indictment is drawn with such precision that some plausible objection may not be lodged against it upon an overcritical analysis of the same, or that it might not be improved in some particulars after trial."

In McGrath v. United States (C. C. A. Second Circuit) 275 F. 294, the court dismissed an alleged defect in the indictment in the language of the Supreme Court in Lamar v. United States, 241 U. S. 103, 36 S. Ct. 535, 60 L. Ed. 912:

"It is moreover to be observed that there is not the slightest suggestion that there was a want of knowledge of the crime which was charged or of any surprise concerning the same, nor is there any intimation that any request was made for a bill of particulars concerning the details of the offense charged. Under this situation we think that the case is clearly covered by section 1025, Revised Statutes."

In Weisman v. United States (C. C. A.) 1 F.(2d) 696, Judge Kenyon said:

"No indictment shall be deemed insufficient by reason of any defect or imperfection

in form only, which does not tend to the prejudice of defendant. The particular manner in which a fact is stated is a matter of form."

In Tubbs v. United States, 105 F. 59–61, 44 C. C. A. 357, 359, this court recognized the function of a bill of particulars and that parol evidence may be resorted to to protect against a subsequent prosecution for the same offense. It is said in the opinion:

"Defendants in this class of cases commonly affect ignorance of what they are indicted for, and great apprehension lest they shall be indicted a second time for the very same offense, and be unable to prove by the record a former conviction or acquittal. No case of the kind has ever occurred, or is ever likely to occur, but the affected apprehension of each defendant that it may occur in his case is perennial. The supreme court has put a quietus on these stock objections by repeatedly pointing out that the defendant may apply for a bill of particulars [citing cases], and that parol evidence is always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal."

[11] It is clear that on writ of error the record, as well as the indictment and judgment, can be considered, provided guilt clearly appears, and, in that view, substantial justice has been done and no substantial prejudice to the defendant has resulted; not only so, but resort may be had to parol evidence to protect against further prosecution. It is true that if a more particular statement has been asked for and refused, or if a seasonable special challenge to the indictment or information has been made without avail, with resulting substantial prejudice, an appellate court should grant appropriate relief; but it by no means follows that in all cases, where every element of the crime has been stated, though with less particularity than the defendant is entitled to upon application, the prosecution wholly fails.

[12] The function of a bill of particulars to cure loose statement or omission of details deemed necessary by or for a defendant to enable him to prepare his defense and to protect him against a second prosecution for the same offense has been so generally recognized that it cannot successfully be denied. Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606; Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709. In the latter case it was said:

"There was a partial identification of the letters by the time and place of mailing, and the charge was that defendant 'intending in and for executing such scheme and artifice to defraud and attempting so to do, placed and caused to be placed in the post office,' etc. This, it will be noticed, is substantially the language of the statute. If defendant had desired further specification and identification, he could have secured it by demanding a bill of particulars."

[13] It is argued that this privilege is applicable only to certain classes of cases, but there is no basis for such distinction. The office of a bill of particulars attaches without distinction, where the indictment states all the ingredients of the offense and further detail may be required or demanded for the protection of a defendant.

In United States v. Claflin et al., 25 Fed. Cas. 433, Fed Cas. No. 14,798, there was a very general description of the property involved. The court said:

"It is not necessary to describe property in an indictment with such particularity as will obviate all necessity for proof outside the record to support a plea of once in jeopardy. A reasonable amount of detail in describing property is all that is necessary in an indictment, and, if more detail is required, a bill of particulars may be demanded."

In Dunbar v. United Sattes, 156 U. S. 185–192, 15 S. Ct. 325, 328 (39 L. Ed. 390), this language appears:

"If, for instance, the description of the property does not so clearly identify it as to enable him to prepare his defense, he should raise the question by some preliminary motion, or perhaps by a demand for a bill of particulars; otherwise it may properly be assumed as against him that he is fully informed of the precise property in respect to which he is charged to have violated the law."

The rule is thus stated in Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583:

"Under the federal practice he had a right to apply for such bill of particulars, and it was within the judicial discretion of the court to grant such order, if necessary for the protection of the rights of the accused."

The doctrine finds abundant support and recognition throughout the circuits. In United States v. Tubbs (D. C.) 94 F. 356, it was held that when the indictment is good against a general demurrer the defendant, if entitled to some further information, may resort to a bill of particulars. This statement by Judge Carland was approved by this court on appeal.

In Tubbs v. United States (another case) 105 F. 59, 44 C. C. A. 357, the right to a bill

of particulars and the duty to apply for it is recognized by this court.

In Fisher v. United States, 2 F.(2d) 843, the Circuit Court of Appeals for the Fourth Circuit has this to say:

"There is no doubt that the indictment in the case before us charges an offense against the United States. The defendants contended that the offense was not charged with sufficient definiteness. The objection, even if well taken, is met by the fact that upon order of the District Judge a bill of particulars was furnished which fully set out the details of the charge."

This court has repeatedly declared to the same effect. In Dismone v. United States (C. C. A.) 12 F.(2d) 63, Judge Kenyon said:

"It is to be observed that no objection of any kind was made to the information in the trial court. There was no motion to quash, no demurrer, no application for any bill of particulars, no challenge thereto in any way."

And in like manner, in Chew v. United States (C. C. A.) 9 F.(2d) 348, Judge Booth, speaking for the court, used this language:

"Finally, it may be said generally, in reference to this indictment and the foregoing attacks thereon, that reasonable particularity was all that was required. Brown v. United States, 143 F. 60, 74 C. C. A. 214 (C. C. A. 8); Horn v. United States, 182 F. 721–727, 105 C. C. A. 163 (C. C. A. 8). And if the language of the indictment was such that the defendant felt that he was liable to be surprised at the evidence which might be offered, it was his right and duty to apply for a bill of particulars. Rinker v. United States, 151 F. 755–759, 81 C. C. A. 379 (C. C. A. 8)."

See, also, Pane v. United States (C. C. A.) 2 F.(2d) 855; Hovermale v. United States (C. C. A. Fourth Circuit) 5 F.(2d) 586; Horowitz v. United States (C. C. A.) 10 F.(2d) 286.

[14, 15] It has long been an established rule of criminal practice in the courts of the United States that an indictment or information which charges all the essential elements and ingredients of a statutory offense is good as against general demurrer, and therefore, after verdict, if unchallenged by special demurrer, or other appropriate pleading, and, even if so challenged, unless substantial prejudice has resulted. United States v. Tubbs (D. C.) 94 F. 356; Connors v. United States, 158 U. S. 408–411, 15 S. Ct. 951, 39 L. Ed. 1033; Dunbar v. United States, 156 U. S. 185–192, 15 S. Ct. 325, 39 L. Ed. 390; New York Central R. R. Co. v. United States, 212 U. S. 497, 29 S. Ct. 304, 53 L. Ed. 613;

Armour Packing Co. v. United States, 209 U. S. 56–84, 28 S. Ct. 428, 52 L. Ed. 681; Lamar v. United States, 241 U. S. 103, 112, 116, 36 S. Ct. 535, 60 L. Ed. 912; Hovermale v. United States (C. C. A.) 5 F.(2d) 586; Cochran & Sayre v. United States, 157 U. S. 286, 15 S. Ct. 628, 39 L. Ed. 704; Weisman v. United States (C. C. A.) 1 F.(2d) 696, 697; Brown v. United States, 143 F. 60–62, 74 C. C. A. 214; Holmgren v. United States, 217 U. S. 509–523, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Ledbetter v. United States, 170 U. S. 606–614, 18 S. Ct. 774, 42 L. Ed. 1162; McGrath v. United States (C. C. A.) 275 F. 294.

And it is equally well established that the record and parol testimony may be resorted to to protect against a second prosecution, and that the defendant is not restricted to the indictment and the judgment entry. Wharton's Crim. Pl. Pr. § 481; 2 Bishop's Crim. Procedure, § 816.

In Meyers v. United States (C. C. A. Second Circuit) 3 F.(2d) 379, the Circuit Court of Appeals held that:

"It is sufficient to describe liquor as 'intoxicating liquor,' and transaction can be identified by parol to bar further prosecution for same act."

In Bartell v. United States, 227 U. S. 433, 33 S. Ct. 384 (57 L. Ed. 583), Mr. Justice Day said:

"As to the objection that the charge was so indefinite that the accused could not plead the record and conviction in bar of another prosecution, it is sufficient to say that in such cases it is the right of the accused to resort to parol testimony to show the subject-matter of the former conviction, and such practice is not infrequently necessary"—citing with approval United States v. Claflin, 25 Fed. Cas. page 433, No. 14798; Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390; Tubbs v. United States, 105 F. 59, 44 C. C. A. 357.

See, also, Connors v. United States, 158 U. S. 408–411, 15 S. Ct. 951, 39 L. Ed. 1033.

The language of the Supreme Court in Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390, is very pertinent to the issues under consideration:

"It is true some parol testimony might be required to show the absolute identity of the smuggled goods, but such proof is often requisite to sustain a plea of once in jeopardy. It is no valid objection to an indictment that the description of the property in respect to which the offense is charged to have been committed is broad enough to include more than one specific article. * * * No objection

was made to the sufficiency of the indictments by demurrer, motion to quash, or in any other manner until after the verdict. While it may be true that a defendant by waiting until that time does not waive the objection that some substantial element of the crime is omitted, yet he does waive all objections which run to the mere form in which the various elements of the crime are stated, or to the fact that the indictment is inartificially drawn. If, for instance, the description of the property does not so clearly identify it as to enable him to prepare his defense, he should raise the question by some preliminary motion or perhaps by a demand for a bill of particulars; otherwise it may properly be assumed as against him that he is fully informed of the precise property in respect to which he is charged to have violated the law."

A very illuminating case is that of Flack et al. v. United States (C. C. A. Eighth Circuit) 272 F. 680, opinion by Judge Hook. The indictments of which he speaks laid the venue in Washington county, in that part of Oklahoma that was formerly Indian Territory. The evidence indicated a sale in Nowata county and the variance was urged. Judge Hook said:

"The indictments would have been good against general demurrer had the name of the county been omitted. The variance that occurred did not affect the jurisdiction of the court; it did not pertain to the venue. It is conceivable that such a variance could have caused surprise at the trial, and could therefore possibly have affected the presentation of the defense, but whether it did or not would depend upon circumstances. * * * It does not appear that the accused were misled, or that any contention to that effect was made. Prejudice from such a variance does not necessarily arise as an inference of law. The accused were not placed in danger of a second prosecution for the same offense. The indictments are not the sole evidence of what was tried; the record can be resorted to, and oral evidence, if necessary."

The argument is advanced that demand for a bill of particulars affords little or no protection for the reason that cases may be found wherein it is stated that the granting or refusing of such a bill rests in the discretion of the court and wherein error predicated upon such refusal has not been indulged. The Supreme Court, in Bartell v. United States, supra, says that a defendant under the federal practice has "a right to apply for such bill of particulars," and that it is "within the judicial discretion of the court to grant such order, if necessary for the protection of

the rights of the accused." A *judicial* discretion means a *sound* discretion; and abuse of such discretion is subject to review. Certainly the courts of the United States, from the Supreme Court down, in a multitude of decisions, have not employed empty language in enjoining upon defendants, not only the right, but the duty, to apply for bills of particulars, where such are indicated, and in penalizing them for failure to exercise such right and to discharge such duty. See further, on this point, Rosen v. United States, 161 U. S. 29–35, 16 S. Ct. 434, 480, 40 L. Ed. 606; Kettenbach v. United States, 202 F. 377, 120 C. C. A. 505; Moens v. United States, 50 App. D. C. 15, 267 F. 317–318; Arnstein v. United States, 54 App. D. C. 199, 296 F. 946–949; United States v. Pierce (D. C.) 245 F. 878–890.

[16, 17] From the foregoing review of the cases the following principles are logically to be deduced. An indictment must contain every essential element and ingredient of the offense and each element should be so completely stated as to enable a defendant to prepare his defense and to protect him from subsequent prosecution. If the indictment or information fails to allege any matter of substance, that is, any material ingredient of the crime, it is fatally defective. If, however, it fails to advise the defendant with sufficient particularity of matters necessary to enable him to prepare his defense and to safeguard him from further prosecution for the same act, such details may be supplied by a bill of particulars without affecting the integrity of the prosecution. In such case, the duty devolves upon a defendant to make seasonable and appropriate application for the information desired. The test is whether the indictment is good against general demurrer. United States v. Tubbs (D. C.) 94 F. 356, 360. An indictment which states every essential ingredient of an offense, in which case the court can see that an offense is stated, is good against a general demurrer, and sufficient after verdict in absence of seasonable attack. The federal Constitution provides certain safeguards for those accused of crime. These provisions should be jealously guarded by the courts when their protection is invoked. It will not do, however, for a defendant to remain silent when a case sufficient against general demurrer is stated against him. Neither the Constitution nor the law generally imposes that burden upon the government. It is incumbent upon him to bring sharply to the attention of the court the matters of form or incompleteness of which he complains.

These rules of practice and procedure, which are as old as the administration of the criminal law in this country, are, on their side, for the protection of society, of as much force and entitled to as much respect, as are the safeguards thrown about the accused for his protection. It is as much the object of the law to convict the guilty as it is to shield the innocent. Defects of the nature of which plaintiff in error complains must be challenged by special demurrer or other pleading tantamount thereto. If the point is well taken the court should order the information or details asked to be supplied; if it fails to do so, if the discretion exercised is not sound, and the record otherwise does not supply the necessary matter, the appellate court should grant appropriate relief. But even though the particularity prayed be denied, though a special demurrer be interposed and overruled, or, it would seem, a bill of particulars be requested and refused, nevertheless the judgment of conviction will not on this account be reversed if from the whole record it appears that no substantial prejudice to the defendant has resulted.

[18, 19] The argument is made that an indictment must be ruled upon at the outset without reference to what may be shown thereafter from the record as a protection against a second prosecution. It is true that an indictment which states an offense, even though in general terms, must be.so dealt with provided, and provided only, it has been seasonably and adequately challenged; but even in such cases, upon error, the record will be examined to determine whether prejudice has resulted; otherwise, all that has been said concerning resort to the record and to parol evidence, as frequently necessary, must be ignored, because it is only in cases where an indictment might have been more specific that resort to such sources of protection could become necessary. If a bill of particulars cannot be employed to supply such earmarks and details as will enable a defendant to prepare his defense and to protect himself against subsequent prosecution, it is difficult to conceive a criminal case in which such a bill is permissible. The fundamental error in the argument for plaintiff in error is that details and specific facts of value to the accused in preparing his defense and in safeguarding his future are placed upon the same plane as are the essential ingredients of the crime itself. This argument is unsound. It is as much a crime to sell liquor on one street of a city as it is on another street, provided both streets are within the jurisdiction of the court; and if the place where the sale was made suffi-

ciently appears from the record,. and neither surprise nor prejudice to the defendant is disclosed, the judgment will not be disturbed. So, equally, it matters not, as an essential of the crime, to whom the liquor was sold.

Coming then more specifically to the facts in the instant case, the charge is that plaintiff in error sold intoxicating liquor, sufficiently described, on a certain day at Omaha, in the state of Nebraska, and within the jurisdiction of the District Court; that, if true, states a complete offense, good against general demurrer and after verdict, if not seasonably challenged. The defendant did interpose a special demurrer, which was overruled. He made no demand for a bill of particulars; he sought only to have the information quashed. The court, on its part, ordered no bill of particulars; neither did it refuse one, because one was not asked. Where such a special·demurrer is interposed, our judgment is, that in the absence of anything in the record to supply the information desired, even though indirectly or constructively solicited, it would be the duty of the court to overrule such special demurrer, if at all, upon condition that such particulars be furnished; but, where this is not done, we have resort to the record to ascertain whether prejudice has resulted, and whether, in substance, the defendant has been denied the constitutional protection to which he is entitled.

[20] This information was accompanied by the jurisdictional affidavits, which set out with complete particularity the person to whom the sale was made and the exact spot in the city of Omaha where it was made. Not only so, but in the fifth count of the information itself the place of business of the defendant was stated, which is the same place in which the sales were made, as shown by these affidavits and by the testimony of the witnesses. Furthermore, there is no pretense that the accused was taken by surprise, that he was not fully informed as to the nature and circumstances of the offenses with which he was charged, nor that he was embarrassed in preparing his defense to meet those charges. As protection against a second prosecution, the affidavits referred to were filed, so marked, and appear in the transcript. They are an integral part of the record, and furnish complete protection against the same charge in any subsequent prosecution; to this parol evidence may be added, if necessary. It may or may not be that the testimony, which is fully set out in the transcript, and thus preserved, may not be used, because not a part of the record proper; but it furnishes all information essential to future pro-

tection by parol testimony in case of the death or absence of material witnesses. The record proper is as much a protection as is the indictment itself and the judgment thereunder. The information charges a crime and the record amply supports and identifies the charge. The defendant was clearly guilty and so pronounced. The overwhelming weight of authority supports this judgment, and strict refinement should not be indulged to work a failure of justice.

We do not, however, approve the looseness in pleading which has led to the contention under discussion, and which, if persisted in by district attorneys, must result, in some cases, in the discharge of defendants of unquestioned guilt. The facts set out in the affidavits accompanying the information were, of course, known, and could as well have been set out in the information itself. Such looseness in pleading should, and does, meet with emphatic disapproval. Upon the entire record, however, we feel that this conviction should be sustained.

The judgment accordingly is affirmed.

BOOTH, Circuit Judge (dissenting). I respectfully dissent from that portion of the learned and exhaustive majority opinion which holds that the overruling of the demurrer to the information was not reversible error, and I shall briefly state my reasons.

1. The Sixth Amendment to the Constitution of the United States provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation." The Fifth Amendment to the Constitution provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

In order that the accused may "be informed of the nature and cause of the accusation," the courts have quite uniformly held that the information or indictment filed against him must fulfill certain requirements or meet certain tests. These tests, as laid down by this court in Miller v. United States, 133 F. 337, 341, 66 C. C. A. 399, 403, and other cases, are:

"It must set forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet, so fully as to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same crime, and so clearly that the court, upon an examination of the indictment, may be

able to determine whether or not, under the law, the facts there stated are sufficient to support a conviction."

The tests thus laid down have been consistently recognized by this court. Goldberg v. United States (C. C. A.) 277 F. 211, 215; Armour Packing Co. v. United States, 153 F. 1, 15, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400; Fontana v. United States (C. C. A.) 262 F. 283, 286; Weisman v. United States (C. C. A.) 1 F.(2d) 696; Carpenter v. United States (C. C. A.) 1 F.(2d) 314; Lynch v. United States (C. C. A.) 10 F.(2d) 947.

The majority opinion seems to hold that the indictment or information will be held sufficient if it merely sets forth clearly all of the elements going to make up the offense. This holding, in my opinion, gives effect to a part only of the tests above set out. It fails to recognize the requirements of distinctness and particularity, which mean that the general description of the elements of the offense charged must be accompanied with such a statement of facts and circumstances as will inform the accused of the *specific offense,* coming under the general description, with which he is charged. The constitutional requirement is based upon the presumption of innocence, and therefore requires such fullness and particularity as will enable an innocent man to prepare for trial. The fullness and particularity are also requisite to enable the accused to enjoy the benefit of the provision of the Fifth Amendment in regard to double jeopardy. 31 C. J. 650, 663; Miller v. United States, supra; Naftzger v. United States, 200 F. 494, 502 (C. C. A. 8); Fontana v. United States, supra.

This requirement of particularity as to the identity of the specific offense charged, as distinguished from its general character, may be met by averments of time, place, person, and other circumstances—something in the way of earmarks by which the particular offense charged may be distinguished from other offenses of similar character. This requirement is fundamental in criminal pleading.

In 31 C. J. 712 the requirement is stated: "Such averments as to time, place, person, and other circumstances as are necessary to identify the particular transaction are, of course, necessary."

Bishop in his work on Criminal Procedure (2d Ed.) § 526, recognizes the requirement: "The rule derivable from the combined authorities and their reasons, is that the accusation should so descend into detail, and become so 'specific' as to give the defend-

ant full and fair notice of what is to be produced against him. The limit is, that it need not be so minute or expanded as to impose unnecessary burdens on the prosecution, or otherwise defeat the ends of justice."

The requirement has been commonly recognized in both federal and state courts, and indictments or informations have been held bad for failure to meet it. United States v. Cruikshank, 92 U. S. 542, 558, 23 L. Ed. 588; United States v. Simmons, 96 U. S. 360, 362, 24 L. Ed. 819; United States v. Hess, 124 U. S. 483, 487, 8 S. Ct. 571, 31 L. Ed. 516; Fontana v. United States, supra; Carpenter v. United States, supra; Lynch v. United States, supra; State v. Crouse, 117 Me. 363, 364, 104 A. 525; State v. Allgor, 78 N. J. Law, 313, 314, 73 A. 76; State v. Hatfield, 87 N. J. Law, 124, 93 A. 677; State v. Villa, 92 Vt. 121, 102 A. 935. No impractical standard of particularity is set up by these requirements. In every case where an indictment is returned, or an information filed, the prosecution is in possession of certain facts of time, place, person, or circumstances which identify the particular offense charged, and these earmarks distinguish it from all other offenses of similar nature. Concededly this was so in the case at bar.

The majority opinion seems to hold that these requirements may be dispensed with, because the necessary information may be obtained by the accused asking for a bill of particulars. This apotheosis of the bill of particulars does not seem to me to meet the situation. If the indictment or information is insufficient, because it does not fulfill the required tests, a bill of particulars will not make it good. The function of a bill of particulars is to aid the accused, when the indictment or information is good, not to bolster up a bad indictment or information. May v. United States, 199 F. 53, 117 C. C. A. 431 (C. C. A. 8); Floren v. United States, 186 F. 961, 108 C. C. A. 577 (C. C. A. 8); United States v. Bayaud (C. C.) 16 F. 376; Foster v. United States, 253 F. 481, 165 C. C. A. 193; Collins v. United States, 253 F. 609, 165 C. C. A. 637. Furthermore, the granting of a bill of particulars is largely discretionary with the trial court. But the accused has a constitutional right to be tried, if at all, under a valid information or indictment. No discretionary order of a trial court can take the place of this constitutional right. Finally, in case of an indictment invalid for indefiniteness, who can say that the crime particularly specified in a bill of particulars is the identical crime which the grand jury had in mind in bringing in the indictment.

The contention that an indictment or information, which does not identify a particular offense, will not afford the accused safe opportunity to use the judgment thereon in defense of another prosecution for the same crime, is attempted to be answered in the majority opinion by saying that the whole record may be resorted to, in order to show the identity of the offense. But suppose there is no record of testimony, either because the accused pleaded guilty, or because, as happens in numberless cases, no record is made of the testimony on the trial. Furthermore, the sufficiency of an indictment or information is to be determined, not after the trial is over and in view of what has happened, but before the trial commences and in view of what may happen.

The majority opinion seems to hold that the defect of indefiniteness, if one existed, in the information, was remedied by an affidavit filed with the information. I cannot agree with this view. The affidavit was no part of the information. It was not made by the district attorney or any one in his office. The prosecution would not be limited in putting in its evidence to the sales mentioned in the affidavit. Furthermore there would be no variance between allegations of the information and the proof, if evidence of sales other than those stated in the affidavit was introduced.

I shall not undertake to review the large number of cases cited in the majority opinion. Laying aside cases involving indictments for sending obscene matter through the mail, such as Tubbs v. United States, 105 F. 59, 44 C. C. A. 357 (C. C. A. 8), in which a special rule applies, an examination of the others will I think disclose, in every case where the question of indefiniteness was involved and where the indictment or information was held sufficient, either that the indictment or information, notwithstanding the omission of some particular earmark, did contain other earmarks which in the opinion of the court were sufficient to identify the particular offense, or that the question of insufficiency for indefiniteness was not raised until after verdict. In the case at bar, however, the majority opinion as I understand it, concedes that the information does not contain earmarks sufficient to identify a particular offense, and also concedes that the question of sufficiency was properly and timely raised.

2. The majority opinion makes no mention of the case of Lynch v. United States, supra, a case decided by this court and involving the precise question now under discussion in the case at bar. Yet the majority

opinion apparently overrules the Lynch Case sub silentio. In the Lynch Case the indictment read as follows:

."That heretofore, to wit, on or about the 7th day of December, 1922, at Pawhuska, in Osage county, in the Western district of the state of Oklahoma, and within the jurisdiction of this court, H. L. Lynch, whose more full, true, and correct name is to the grand jurors unknown, then and there being, did then and there knowingly, willfully, and feloniously have in his possession certain intoxicating liquors, to wit, one (1) pint of whisky, in and upon Indian country, to wit, Osage county, Oklahoma."

In the case at bar the information (count 1) read as follows:

"James C. Kinsler, United States attorney * * * gives the court to understand and be informed that said Preston B. Myers, heretofore, to wit, on or about the 13th day of December, 1924, in the city of Omaha, county of Douglas in the Omaha Division of the District of Nebraska, then and there being, did then and there unlawfully, willfully, and knowingly sell certain intoxicating liquor, to wit, about one pint of alcohol, fit for beverage purposes, without first obtaining a permit from the Commissioner of Internal Revenue so to do."

The other counts, except the fifth, are similar.

I do not think the two cases can be fairly distinguished from each other. Both involved the matter of indefiniteness in the indictment or information; that is, lack of earmarks to clearly identify the particular 'offense. In both cases the question was raised before trial, in one by motion to quash, in the other by demurrer. In both cases the objections were overruled. In both cases the earmark which was omitted, and which might have made the indictment or information definite, was the item of place. In both cases there was lack of other earmarks which might have made the item of place unimportant. In both cases a bill of particulars might have been asked for, but was not.

In the Lynch Case the court said:

"Pawhuska, in Osage county, Okl., is not an inconsiderable city; it covers a considerable area, has many residences, many places of business, many stores, many places, where one might have the possession of a pint of whisky. The indictment gave the defendant no information at what place in that city, whether in his residence, in some store, or some street, in some restaurant or hotel, or in some other place in that city, the United States would endeavor to prove that the defendant had possession of the pint of whisky. The defendant could not have had that possession on any occasion when that occasion was not capable of identification, either by surrounding circumstances, persons, or other earmarks, which would have given the defendant notice of the occasion on which the prosecutor would attempt to prove the offense charged. And the latter knew when the indictment was drawn what that occasion was, the time, place, circumstances surrounding it, persons present, the identifying earmarks of that occasion. Nevertheless the only information on this subject given the defendant by the indictment was that he had this whisky in his possession at some time within three years prior to the filing of the indictment at some place in the city of Pawhuska. If the United States had set forth in this indictment substantial identifying facts of the time, place or occasion where it would attempt to prove the possession of the whisky, such as that it was on Kihika street, near Main street, in Pawhuska, about the middle of the block, in an automobile, in the presence of T. A. Hubbard, George Blaine, and Mr. Strong, or any other distinctive earmarks of the time, place, or occasion, the indictment might well have been sustained. Such information would have enabled the defendant to investigate the charge, to learn who were and who were not present on the occasion; hence who were possible witnesses, to investigate the entire matter and to prepare his defense to the charge. But there was nothing of this kind in this indictment. Under it the defendant might have been called to meet testimony that at any time of day or night within three years of the filing of the indictment, at any place in the city of Pawhuska, he had possession of this pint of whisky.

"Were a subsequent prosecution brought for the same offense a judgment of conviction or acquittal under this indictment would avail the defendant nothing. The identity of the offenses would be a matter of conjecture. The indictment and judgment in this case if offered in a subsequent trial for the same offense would fit many different occasions. There would be nothing to show that the alleged offenses were identical. We are satisfied the motion to quash the indictment should have been sustained, and that the failure so to do was serious and prejudicial error."

The Lynch Case in my judgment should not be overruled, either sub silentio or at all. It rules the case at bar. I am not stressing particularity as to place in so far as it re-

lates to venue, nor was it so stressed in the Lynch Case; but I am stressing it in the case at bar solely as an earmark of identification when other earmarks are lacking. The cases, therefore, must be distinguished, which hold that the naming of a *city or town* is sufficient to show *venue* for the purpose of establishing jurisdiction. Here the question is not whether stating the name of a city was sufficient to show that the court had jurisdiction, but whether the statement was sufficient as an earmark to identify the particular offense in the absence of other earmarks.

The case of Carpenter v. United States (C. C. A.) 1 F.(2d) 314, also decided by this court, is directly opposed to the conclusion reached in the majority opinion, the question involved being of very similar character.

3. It is to be noted that, though the Lynch Case and the Carpenter Case were decided by this court, yet no one of the judges who constituted the court in those cases, though they are all still alive, is sitting in the case at bar. It seems to me to be unwise to establish parallel conflicting opinions of the same court based upon a mere change of personnel.

For the foregoing reasons, I think the case should be reversed.